### 56654. ROHRIG v. THE STATE.

McMURRAY, Judge.

The Georgia State Patrol received a telephone tip that a Pontiac Grand Prix with a certain Texas tag number was transporting drugs up Interstate 75 toward Atlanta. The communications officer who received this tip broadcast a lookout to law enforcement officers patrolling Interstate 75. A state trooper operating his radar spotted the Grand Prix traveling in excess of the speed limit and pulled it over on a speeding charge. The automobile was subsequently searched without the driver's consent and a considerable quantity of marijuana found in the trunk.

The driver of the Grand Prix, who was the sole occupant of that automobile, was indicted for violation of the Georgia Controlled Substances Act. Defendant made his motion to suppress the marijuana found in the trunk of the automobile, contending that the search of the automobile was illegal and unreasonable. Defendant's motion to suppress was denied. This case comes to us on interlocutory appeal to consider the issues raised by

defendant's motion to suppress. *Held:*

The state argues that the tipster in this case is an identified interested citizen, and that, therefore, the credibility of that individual should be viewed as less suspect than a confidential informant likely to be a member of the criminal community. An "identified interested citizen" is one who is the victim of a crime or a person who has witnessed a crime and who voluntarily communicates information regarding the crime to law enforcement officers. This person establishes his credibility by identifying himself and otherwise cooperating with law enforcement officials in a manner consistent with the best interest of society. See *Tuzman v. State,* 145 Ga. App. 761, 766 (2a) (244 SE2d 882), and cases cited therein.

The tipster who identified himself as James J. Jackson, informed the communications officer that he had overheard a conversation at a pay phone at a gas station with reference to taking a load of drugs to Atlanta. After the arrest of defendant, the tipster called again identifying himself as Ken Kirk, a neighbor of defendant and stating that he had used a false name during the prior call due to fear of defendant and some of his associates. The tipster certainly was not "identified" at the time the state trooper acting on his tip participated in the search of defendant's automobile. The tipster has not appeared and testified, nor is there any evidence that the second name given the communications officer is accurate. Under these circumstances the tipster is virtually anonymous and does not fall within the identified citizen rule as adopted in *Tuzman v. State,* supra.

Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) requires that for the establishment of probable cause there must be underlying circumstances from which the officers may conclude that an unknown informant is credible. This requirement is not fulfilled by corroboration of innocent activity unilluminating as to any criminal activity. Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637). There were no circumstances which served to establish the credibility of the tipster in this case. Therefore, the officers were without probable cause to conduct the search of

defendant's automobile. *Radowick v. State,* 145 Ga. App. 231, 234 (2) (244 SE2d 346).

The state also urges that the marijuana was discovered during a lawful inventory of the contents of the defendant's automobile after it had been impounded due to defendant's arrest on the speeding charge. Routine inventories of vehicles impounded by law enforcement agencies are reasonable searches, not barred by the Fourth Amendment prohibition of unreasonable searches. South Dakota v. Opperman, 428 U. S. 364 (96 SC 3092, 49 LE2d 1000). See also *Highland v. State,* 144 Ga. App. 594 (241 SE2d 477).

The arresting state trooper testified that the standard procedure when he arrested someone for a traffic violation was to issue the driver a standard citation and offer him the choice of leaving his driver's license with the state trooper in lieu of bond or proceeding to the sheriff's office to make cash bond. In neither case would the offender's automobile be impounded. The state trooper stated unequivocally that he deviated from the normal procedure, retaining defendant in custody and impounding his automobile solely because of the lookout which had been broadcast regarding defendant's automobile. The search of defendant's automobile was clearly pursuant to an investigatory motive and was not a constitutionally reasonable routine inventory search within the meaning of South Dakota v. Opperman, 428 U. S. 364, supra. The arresting state trooper did not first make an arrest, routinely impound the vehicle, and then make the inventory search as was the case in *Highland v. State,* 144 Ga. App. 594, supra, and *Pierce v. State,* 134 Ga. App. 14 (213 SE2d 162), but admittedly impounded the vehicle solely to make the search which was illegal and without probable cause.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED OCTOBER 16, 1978 — DECIDED FEBRUARY 2, 1979.

*Peters & Peebles, Douglas N. Peters,* for appellant. *Robert E. Keller, District Attorney, Harold G.*

*Benefield, Assistant District Attorney,* for appellee.