## 73107. STOLA v. THE STATE.
### (356 SE2d 222)

Pope, Judge.

Albert Allen Stola appeals his conviction of trafficking in cocaine. After careful review of the record, we affirm.

The record reveals that an anonymous tipster telephoned the DeKalb County Police Department around noon on March 21, 1984 and spoke with an officer who worked in the Special Investigations Division. The tipster stated that he had information that a delivery of approximately eight pounds of cocaine would be made between 7:00 and 8:00 p.m. that evening. A white male named "Rodney" would make the delivery to "Al" at 714 Willow Creek Drive where "Al" lived with "Celeste." The tipster described "Rodney" as having reddish-brown hair, a mustache and a beard, approximately 5'11" tall and weighing 185 pounds. At the time of delivery, "Rodney" would be driving a 1983 or 1984 black Porsche Carrera automobile and would be wearing a green army jacket. He would be carrying a brown leather briefcase and be armed with a .45 caliber pistol. The tipster stated that his motive for making the telephone call was "revenge" based on the murder of his friend.

Subsequently, the officer receiving the call discovered that Willow Creek Drive was in Fulton County. He contacted a G.B.I. agent who agreed to meet him that afternoon to discuss and investigate the information. At approximately 1:50 p.m. the anonymous tipster telephoned a second time and stated that the delivery had been changed from 7:00 p.m. that night to 3:00 p.m. that afternoon. The officer who received the call again telephoned the G.B.I. agent to advise him of the new information. They agreed to meet at the referenced address. The officer also telephoned the Georgia Power Company which later confirmed that "Celeste Hill" was billed for power to 714 Willow Creek Drive.

The officer then drove with his partner to the Willow Creek apartment complex, where they parked in a manner which allowed them to view the parking area as well as the referenced unit. As they watched, appellant drove a red Toyota Corolla automobile into the parking area of the complex. He parked and entered the 714 unit where he remained approximately fifteen minutes before driving away. A radio investigation of the tag on the automobile revealed that it was registered to "Celeste Hill." Subsequently, the officers received information that the anonymous tipster had made a third telephone call to the police station at approximately 4:00 p.m. that afternoon.

The tipster had stated that the delivery would be approximately 45 minutes late and would be made in a red Toyota Corolla.

At approximately 5:00 p.m., appellant returned in the red Toyota Corolla. He carried a brown leather briefcase as he left the automobile. At that point, the officers ran toward him and arrested him. Subsequently, one officer entered the automobile and saw the corner of a plastic bag containing a white substance resting in plain view on the console. Another officer opened the brown leather briefcase where he found a bag which also contained a white substance. Both substances were tested and found to be cocaine.

1. Appellant contends that the trial court erred in admitting into evidence contraband seized pursuant to the warrantless arrest and search of his automobile and briefcase. Under Georgia law, an officer may arrest without a warrant "if the offense is committed in his presence or within his immediate knowledge . . . or for other cause if there is likely to be failure of justice for want of a judicial officer to issue a warrant." OCGA § 17-4-20 (a). The constitutional validity of an arrest without a warrant depends "upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142) (1964). See also *Durden v. State*, 250 Ga. 325 (1) (297 SE2d 237) (1982), holding that the state rule and the federal rule are the same, i.e., "[a]n arrest and search, legal under federal law, are legal under state law." Id. at 327.

In the case sub judice, the information on which the officers based their surveillance indicated that the offense would be committed within a short time of the second and third telephone calls. Further, each telephone call modified the information contained in the former call. An uncorroborated telephone call from an anonymous tipster, standing alone, is insufficient upon which to base probable cause to arrest. See *Rohrig v. State*, 148 Ga. App. 869 (253 SE2d 253) (1979); *Illinois v. Gates*, 462 U. S. 213, 227 (103 SC 2317, 76 LE2d 527) (1983). Under the facts sub judice, the police did not have probable cause to believe that appellant was committing a crime until they confirmed by their own investigation various aspects of the tipster's information, i.e., that the delivery would be made in the red Toyota Corolla; that the white male making the delivery would carry a brown briefcase; and that the delivery would occur approximately at the time as stated by the tipster. The point in time at which corroboration of these facts occurred was the point at which the arrest was made. Under these circumstances, it was unnecessary for police to obtain a warrant before arrest. *Ellis v. State*, 164 Ga. App. 366 (5) (296

SE2d 726) (1982).

The trial court held that "[t]he facts in the present case indicate the information supplied by the tipster possessed an internal coherence which gives weight to a finding that probable cause existed to arrest. The tipster telephoned the officer several times relating changing factual details of the [appellant's] actions. In addition the informant explained that he blamed the [appellant] for the death of a friend of his, thus offering a plausible reason for the unsolicited call." The information given by the tipster was explicit and detailed. Its credence was supported by the tipster's subsequent calls to change details as he apparently witnessed the changes being made. The detailed nature of the information entitled it to more credibility than might otherwise be the case. Further, independent police investigation on the scene verified many facts related by the tipster, as well as information modified by the tipster's subsequent calls. This corroboration provided adequate grounds on which to base the tipster's veracity. See *Massachusetts v. Upton*, 466 U. S. 727 (104 SC 2085, 80 LE2d 721) (1984); *Illinois v. Gates*, supra.

"In dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States*, 338 U. S. 160, 175 (69 SC 1302, 93 LE 1879) (1949). Under the "totality of circumstances" test of *Illinois v. Gates*, supra, we find that the police had probable cause on which to make the arrest. See *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984).

The warrantless search of the automobile as an incident to lawful arrest is controlled by *New York v. Belton*, 453 U. S. 454 (101 SC 2860, 69 LE2d 768) (1981). Therefore, admission into evidence of the cocaine found as the result of the search of the automobile was not error. Also, we find no error in the admission into evidence of the cocaine found within appellant's briefcase. See *United States v. Ross*, 456 U. S. 798 (102 SC 2157, 72 LE2d 572) (1982); *Robinson v. State*, 162 Ga. App. 690 (292 SE2d 109) (1982).

2. Appellant's second enumeration cites as error the trial court's denial of his pretrial motion to compel disclosure of wiretap or electronic surveillance. Assuming arguendo that the denial of this motion was erroneous (see OCGA § 16-11-64 (b) (7); *Caudill v. State*, 157 Ga. App. 415 (1) (277 SE2d 773) (1981); accord *State v. Braeunig*, 122 N. J. Super. 319 (300 A2d 346) (1973)), any error was harmless in light of the total absence of record of any indication that such surveillance, in fact, occurred in this case.

3. Appellant argues that the trial court erred in denying his pretrial motion seeking to compel certain witnesses to submit to depositions. There is no Georgia statute or common law rule which requires

a witness to submit to a deposition in a criminal case. *Sears v. State*, 182 Ga. App. 480 (9) (356 SE2d 72) (1987).

*Judgment affirmed. McMurray, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MARCH 13, 1987 —
REHEARING DENIED APRIL 3, 1987 —

*John A. Nuckolls*, for appellant.

*Lewis R. Slaton*, District Attorney, *Richard E. Hicks, Joseph J. Drolet, Benjamin H. Oehlert III, D. Chris Jensen*, Assistant District Attorneys, for appellee.