## 75803. KEYSER v. THE STATE.
### (369 SE2d 309)

CARLEY, Judge.

Appellant was tried before a jury on an accusation which charged him with several misdemeanor offenses. The offenses all arose out of a series of incidents involving appellant, his neighbors, and several police officers. The jury returned verdicts of guilty on three counts of simple battery, one count of driving under the influence, and one count of having an "expired tag." Appellant appeals from the judgments of conviction and sentences entered on the jury verdicts.

1. Appellant filed a motion to suppress, wherein he contended that the State had attained certain evidence as the fruit of his alleged illegal warrantless arrest. The trial court's denial of that motion is enumerated as error.

The record shows that, subsequent to the filing of the accusation, appellant filed a written motion to suppress and that a pre-trial hearing on that motion was set. However, the motion was dismissed when neither appellant nor his counsel appeared at the scheduled hearing, or moved for a continuance, or filed a conflict letter with the court. See *Jacobs v. State*, 133 Ga. App. 812 (1) (212 SE2d 468) (1975). At trial, the trial court nevertheless agreed to hear evidence outside the presence of the jury as to the existence of probable cause for appellant's arrest. See generally *Ellis v. State*, 164 Ga. App. 366 (296 SE2d 726) (1982). The evidence which was produced at this hearing authorized the trial court to find that probable cause to arrest appellant for DUI did exist at the time that he was arrested for that offense. "[I]f an officer, while in the presence or vicinity of the accused, acquires 'probable cause' (federal) to arrest the accused outside his or her home, and fails to make such arrest, there is likely to be a failure of justice as a matter of law if the officer is required to delay the arrest until a warrant is obtained. That is to say, we find the state rule to be the same as the federal rule. An arrest and search, legal under federal law, are legal under state law." *Durden v. State*, 250 Ga. 325, 327 (1) (297 SE2d 237) (1982). See also *Stola v. State*, 182 Ga. App. 502, 503 (1) (356 SE2d 222) (1987).

There was also evidence adduced at the hearing from which the trial court was further authorized to find that appellant's arrest had occurred on the front porch of his house, after he had complied with the request of a police officer to step outside. An arrest of appellant under such circumstances would not constitute an arrest which was made inside his home. *Mincey v. State*, 251 Ga. 255, 260 (6) (304 SE2d 882) (1983). See also *United States v. Santana*, 427 U. S. 38, 41 (II) (96 SC 2406, 49 LE2d 300) (1976) (holding that, for Fourth Amendment purposes, one who is "in the threshold of [his] dwelling . . . [is] in a 'public' place" and not within the dwelling). Accordingly,

appellant's reliance on *Payton v. New York*, 445 U. S. 573 (100 SC 1371, 63 LE2d 639) (1980), *Welsh v. Wisconsin*, 466 U. S. 740 (104 SC 2091, 80 LE2d 732) (1984), and similar cases as authorizing the grant of his motion to suppress is misplaced. All of those cases involved the warrantless entry by the police *into* the private living quarters of the accused for the purpose of making an arrest or of conducting a search therein. Appellant's cited cases are, therefore, factually distinguishable and they are, for that reason, legally inapposite. Compare *Griffith v. State*, 172 Ga. App. 255, 256 (1) (322 SE2d 921) (1984). It follows that the trial court did not err in denying appellant's motion to suppress.

2. Appellant enumerates the general grounds as to his conviction for operating a vehicle with an expired tag. Appellant was charged with violation of former OCGA § 40-2-8 (a), which provided, in pertinent part, as follows: "Any person owning or *operating* any vehicle *described in Code Section 40-2-20* on any public highway or street after April 1 of each year without complying with that Code section shall be guilty of a misdemeanor. . . ." (Emphasis supplied.) The State presented sufficient evidence that appellant had operated a motor vehicle with an expired Mississippi tag on a public street of Georgia. The issue to be resolved is whether the State presented sufficient evidence to authorize a finding that that automobile was one which is "described in OCGA § 40-2-20. . . ."

A vehicle "described in OCGA § 40-2-20" is one which is required to be registered "as provided in [Chapter 2 of Title 40 of OCGA]. . . ." OCGA § 40-2-20. The evidence did not show to whom the vehicle had been registered in Mississippi or whether appellant had recently purchased it. However, the evidence of record did authorize a finding that, regardless of who the current owner of the vehicle might actually be, the vehicle was not an automobile which was otherwise exempt from the requirement of registration in this State. See OCGA § 40-2-90 (b) (3). The evidence would, therefore, show that appellant had operated a vehicle "described in OCGA § 40-2-20" on a public street of this State. Accordingly, our review of the entire record shows that, from the evidence presented at trial, a rational trier of fact could reasonably have found appellant guilty beyond a reasonable doubt of violating OCGA § 40-2-8. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. In numerous enumerations appellant raises the general grounds with regard to his three simple battery convictions and his DUI conviction.

The argument advanced in support of these enumerations is premised, for the most part, upon an alleged insufficiency in the evidence which would exist if the trial court had granted appellant's motion to suppress. As we have held in Division 1, however, the trial court did

not err in denying appellant's motion to suppress such evidence. Our review of the entire record reveals that, from the evidence presented at trial, a rational trior of fact could reasonably have found appellant guilty beyond a reasonable doubt of each of the four charges at issue. *Jackson v. Virginia*, 443 U. S. 307, supra.

4. We have considered appellant's remaining enumerations of error but find them either to be moot or to be without merit.

*Judgment affirmed. Sognier, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

In two of the cases cited in the majority opinion, one judge concurred in the judgment only (J/O). Those two cases are *Stola v. State*, 182 Ga. App. 502 (356 SE2d 222) (1987), and *Griffith v. State*, 172 Ga. App. 255 (322 SE2d 921) (1984). A J/O is somewhere between a special concurrence and a dissent, and clips and consigns a case to a sort of no man's land of case law. Like high blood pressure, it is a silent case killer or crippler, literally snuffing or sucking dry the spirit of all precedential life out of a case *sub silentio*, without any explanation. Although a J/O may be a handy widget for use as a convenient, quick, quasi-dissent, or case crippler, for busy judges, this writer believes that setting forth reasons in a special concurrence or dissent is more beneficial to the bench and bar. Otherwise, we should relegate most cases involving J/O's to be unreported in order to lessen the possibility of reciting them in future cases.

Because of a total lack of factual exposition in Division 1 of this important case involving convictions for the serious offenses of DUI and the three counts of battery, I cannot concur fully with the majority opinion.

DECIDED APRIL 28, 1988 —
REHEARING DENIED MAY 11, 1988 —

*Billy L. Spruell*, for appellant.
*Patrick H. Head, Solicitor, Melodie H. Clayton, Bruce D. Hornbuckle, Assistant Solicitors*, for appellee.