A89A2073. MANZIONE v. THE STATE.
(390 SE2d 121)

McMURRAY, Presiding Judge.

Defendant was indicted for violating Georgia's Controlled Substances Act (possession of more than one ounce of marijuana with in-

tent to distribute). Defendant subsequently filed a motion to suppress. A hearing was conducted on this motion and the evidence revealed the following:

Between 6:00 p.m. and 6:30 p.m. on April 1, 1988, Officer Fletcher Mattox of the Clarke County Police Department was on duty at the police station when he received three successive telephone calls from a man who identified himself as an employee of " 'the Pro Shop' " at Georgia Square Mall. The caller informed Officer Mattox that a white male with short black hair had just been to his place of business and had been attempting to sell marijuana to "some kids. . . ." The informant gave Officer Mattox a thorough description of the suspect's clothing and informed the officer that the suspect was headed to a "game room" located in the mall. The caller also informed Officer Mattox that the marijuana was in a clear plastic bag; that the suspect had placed the marijuana in the front of his pants and that there was "a big bulge . . ." where the drug was concealed. (Officer Mattox testified that he recognized the caller's voice as that of a person who had called in a "complaint" to the police station about two weeks earlier and that he had no reason to question the reliability of the informant's information.)

Officers Jerry Stewart and Tony Norris of the Clarke County Police Department were dispatched to the mall to investigate the tip. The officers went to "the Time Out game room" and there they observed defendant and noticed that he matched the description of the man who had earlier been seen attempting to sell marijuana. The officers watched defendant for about five minutes and observed "a large bulge in [the front of defendant's] pants. . . ." Shortly thereafter, the officers approached defendant, identified themselves as law enforcement officers and advised defendant of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). Officer Stewart then conducted a "pat down" search of defendant and discovered in "the front of [defendant's] pants" what was later identified as 2.7 ounces of marijuana.

Defendant's motion to suppress was denied. He was found guilty of the crime charged by a jury and this appeal followed. *Held*:

In support of his sole enumeration, defendant contends that his arrest and search were made without probable cause in violation of his rights under the Fourth Amendment of the United States Constitution and in violation of his rights under Art. I, Sec. I, Par. XIII of the Constitution of the State of Georgia of 1983.

"Under Georgia law, an officer may arrest without a warrant 'if the offense is committed in his presence or within his immediate knowledge . . . or for other cause if there is likely to be failure of justice for want of a judicial officer to issue a warrant.' OCGA § 17-4-20 (a). The constitutional validity of an arrest without a warrant de-

pends 'upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at the moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense.' *Beck v. Ohio*, 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142) (1964). See also *Durden v. State*, 250 Ga. 325 (1) (297 SE2d 237) (1982), holding that the state rule and the federal rule are the same, i.e., '(a)n arrest and search, legal under federal law, are legal under state law.' Id. at 327." *Stola v. State*, 182 Ga. App. 502, 503 (1) (356 SE2d 222) (a two-judge case). In the case sub judice, defendant first argues that the "anonymous [tipster's]" information was unreliable and therefore insufficient to supply probable cause for his arrest. This argument is without merit.

First of all, the informant was not "anonymous." The caller identified himself as an employee of a shop in the mall and Officer Mattox testified that he was aware of the tipster's identity from a previous telephone conversation in which the caller made a complaint to police. Further, although the caller had never before provided police with information regarding drug-related activities, the informant made it known to Officer Mattox that he worked in the mall and that he had a stake in preserving the environment of the area in which defendant was conducting illegal drug-related activities. This evidence and evidence affirming details of the informant's tip, i.e., defendant matched the description of the drug dealer, defendant was in the "game room" at the time the officers arrived at the mall and defendant had "a large bulge" in the area of his pants where the caller had seen defendant conceal contraband, was sufficient to verify the tipster's veracity and support the trial court's finding that the police had probable cause on which to arrest defendant. *Stola v. State*, 182 Ga. App. 502, 503 (1), 504, supra. See *Wright v. State*, 189 Ga. App. 441, 442 (1) (375 SE2d 895).

Next, defendant argues that the scope of the officers' "pat-down" search was constitutionally impermissible. This argument is also without merit. Since defendant's "pat-down" search was made pursuant to a lawful arrest, the search of defendant's person was not prohibited. See William W. Daniel's Georgia Criminal Trial Practice (1986 ed.), § 4-21, p. 104.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JANUARY 16, 1990.

*Donna L. Avans*, for appellant.
*Harry N. Gordon, District Attorney, Richard Weaver, Assistant*

*District Attorney*, for appellee.