### A93A0178. McKENZIE v. THE STATE.
(431 SE2d 715)

COOPER, Judge.

After his motion to suppress evidence was denied, appellant pled guilty to possession of cocaine (two counts) and marijuana (two counts), reserving his right to appeal the denial of his motion to suppress in accordance with *Mims v. State*, 201 Ga. App. 277 (1) (410 SE2d 824) (1991).

On the day of appellant's arrest, an informant called the Hinesville Police Department and said that later that evening he was going to pick up someone at Floyd's Trailer Park to go purchase drugs. The informant met with several detectives who wired him with an electronic sound device and instructed him to say "we're going to party tonight" when the sale was consummated. The informant then picked up Gary and Freda Lane at Floyd's Trailer Park and drove to appellant's residence. Officers on the surveillance team watched one of the individuals from the car go into appellant's residence and return, and then heard the informant say the key words indicating that drugs had been purchased. None of the officers saw appellant make the sale, and subsequent investigation revealed that the sale actually was made by a friend of appellant's who was staying with him at the time. When the informant drove off, some of the officers on the surveillance team followed, leaving others at appellant's house.

Detective Rogers testified that after officers stopped the informant's car and found drugs, he notified Detective Davis, an officer watching appellant's house, that the controlled buy had been made. Davis told Rogers that appellant was departing in his vehicle, and Rogers instructed Davis to stop appellant and hold him until Rogers arrived. Davis testified that he told appellant he was under arrest for sale of cocaine when he initially stopped him and then detained him until Rogers arrived. Rogers, on the other hand, testified that when he arrived and approached appellant's vehicle, he saw crack cocaine residue in the front seat and arrested appellant for possession of cocaine at that time. After appellant was taken to jail, a search of his person revealed cocaine and marijuana. The officers obtained a search warrant to search appellant's house, and the search conducted pursuant to that warrant produced additional cocaine and marijuana.

1. Appellant first argues that evidence of drugs found on him after his arrest should have been suppressed because the warrantless arrest was illegal. The legality of a warrantless arrest depends

" ' "upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at the moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." [Cits.]' [Cit.]" *Manzione v. State*, 194 Ga. App. 227, 228-229 (390 SE2d 121) (1990); see also *State v. Wilson*, 179 Ga. App. 334 (346 SE2d 111) (1986).

We reject the State's assertion that appellant was not arrested until Rogers arrived and saw cocaine residue on the front seat of appellant's car, and that prior to that time, the officers' detention of appellant was a *Terry* stop for which only a reasonable suspicion based on articulable facts was necessary. See *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). " 'Under our statute a person is under arrest whenever his liberty to come and go as he pleases is restrained, no matter how slight such restraint may be. OCGA § 17-4-1.' " *State v. Nelson*, 261 Ga. 246 (1b) (404 SE2d 112) (1991). A *Terry* stop is a brief detention by an officer who suspects an offense is being committed or has been committed, for the purpose of clarifying or investigating the facts that gave rise to that suspicion. *Radowick v. State*, 145 Ga. App. 231, 237 (3) (244 SE2d 346) (1978); see also *Bowers v. State*, 151 Ga. App. 46 (258 SE2d 623) (1979), aff'd 245 Ga. 367 (265 SE2d 57) (1980). Davis, the first detective on the scene, testified that he immediately advised appellant that he was under arrest for sale of cocaine. Davis did not proceed with any questioning or investigation, but held appellant there until Rogers arrived. This restraint of appellant's freedom to leave constituted an arrest. *Bowers*, supra; *Radowick*, supra.

Nonetheless, we agree with the trial court that the arrest was not illegal. At the time of appellant's arrest by Davis, the officers knew that a controlled purchase of cocaine occurred at appellant's home and that appellant left his home not long after the purchase, and this knowledge provided sufficient probable cause to believe that appellant had participated in the sale of cocaine. Citing *Polke v. State*, 203 Ga. App. 306 (1) (417 SE2d 22) (1992), appellant argues that the controlled purchase cannot provide probable cause because it was set up using information from and the assistance of an informant of unknown reliability. However, unlike the informants in *Polke*, the informant in this case demonstrated his reliability by meeting with detectives, allowing them to wire him, and putting himself on the line by participating in the controlled purchase. Moreover, by the time of the arrest, the informant's information had been corroborated by the arrival of the car at appellant's residence, the entry into appellant's house and departure a few minutes later of one of the car's occupants, and the subsequent arrest of the car's occupants for possession of co-

caine — all of which were actually witnessed by one or more of the officers. Thus, this case did not involve improper reliance by the officers on uncorroborated information from an unknown informant.

Appellant's assertion that probable cause did not exist because none of the officers actually saw appellant sell cocaine is also without merit; circumstantial evidence may give rise to probable cause as long as it is "sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *Manzione*, supra. Furthermore, the fact that police later discovered that appellant's friend rather than appellant actually made the sale in appellant's home does not negate the existence of probable cause at the moment of arrest or render the arrest illegal. See *Brooks v. State*, 166 Ga. App. 704 (305 SE2d 436) (1983).

2. Appellant also contends that evidence of drugs found in his home should have been suppressed because the affidavit supporting the request for the warrant was insufficient to establish probable cause. "In determining whether to issue a search warrant, 'the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud(ing)" that probable cause existed.' [Cits.]" *Futch v. State*, 178 Ga. App. 115, 116 (1) (342 SE2d 493) (1986). Officer Richardson's affidavit stated, among other things, that a controlled purchase of cocaine had occurred at appellant's home that day and that the purchasers had been arrested for possession of cocaine after leaving appellant's home. This statement alone provided a substantial basis for the conclusion that drugs and marked bills would probably be found in the home. See *Kemp v. State*, 201 Ga. App. 629 (6) (411 SE2d 880) (1991). Therefore, the trial court did not err in denying appellant's motion to suppress.

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED MAY 24, 1993.

*Merritt & Rose, Charles P. Rose, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.