A94A0432. CLARK v. THE STATE.
(441 SE2d 885)

BLACKBURN, Judge.

In a three-count indictment, the appellant, Adrian Bernard Clark, was charged with violating the Georgia Controlled Substances Act. Following the trial court's denial of his motion to suppress, Clark pled guilty to the offenses charged, reserving the right to challenge on appeal the trial court's denial of his motion to suppress in accordance with *Mims v. State*, 201 Ga. App. 277 (1) (410 SE2d 824) (1991).

On April 17, 1992, J. K. Taylor, an investigator with the Gwinnett County Police Department's Narcotic Unit, received a telephone call from a confidential, reliable informant that Clark was selling cocaine out of a motel room located within the county. Approximately a month earlier, the investigator had received information from another informant that Clark had been selling cocaine from his Gwinnett County residence and this information had been confirmed through a controlled buy arranged by Taylor.

As a result of his receipt of this recent information, the investigator met with the informant at his office, searched her for money and contraband, and instructed her to purchase $50 in cocaine from Clark at the motel that afternoon. Taylor had known the confidential in-

formant for several years and the informant had assisted the department in the investigation of various drug-related offenses. The informant was given county funds with recorded serial numbers to facilitate the transaction. Taylor followed the informant in a separate vehicle to the motel and sat in a nearby parking lot to observe the transaction. After the informant and Clark briefly talked outside the motel room, Clark returned inside his motel room, and afterwards, proceeded to meet the informant in the parking lot where the investigator awaited. Clark was accompanied in his vehicle by his sister. The informant walked over to Clark's vehicle, leaned inside the driver's side window where Clark was seated, and gave Clark money. The hands of the informant and Clark met again as Clark handed the informant a package containing cocaine. Thereafter, Clark returned to his room.

A few minutes later, Clark and his sister left the motel, and the investigator followed the two for a few miles. With the assistance of other narcotic officers, Clark's vehicle was stopped. Upon his refusal to lie down on the ground pursuant to Taylor's request, Clark was forcibly placed on the pavement, at which time, four pieces of crack cocaine dropped out of his hand. The cocaine was packaged in a manner similar to the cocaine recovered in the earlier controlled buy. Clark was arrested for the sale of cocaine and possession of cocaine with the intent to distribute, and the officers subsequently searched his vehicle and his person. Approximately $900 in currency, which included $30 in county funds, were found on Clark during the search.

Taylor returned to the office of the motel and was informed by the motel's manager that the motel room in question was registered in Clark's name. Thereafter, he telephoned Officer Halcome with the department and instructed him to prepare an affidavit and an application for a search warrant for the search of the motel room. The affidavit, which contained information relayed to him by Taylor, was the only evidence presented to the issuing magistrate. The magistrate executed the search warrant and Halcome delivered the warrant to Taylor at the motel. During the officers' search of the room, they discovered a bag containing marijuana and cocaine packaged in a manner similar to the cocaine recovered earlier, and various drug paraphernalia.

Initially, Clark argues that the officers lacked probable cause to detain him and subsequently search him without a warrant. However, the officer saw Clark sell contraband to the informant, and not only was he authorized to stop Clark's vehicle, but he, in fact, "had a duty to do so." *Weaver v. State*, 208 Ga. App. 105, 107 (430 SE2d 60) (1993). Further, viewing the totality of the circumstances, the officers had the requisite probable cause to arrest Clark in the absence of a warrant. The facts and circumstances within the knowledge of the of-

ficers were sufficient to warrant a prudent man in believing that Clark had committed an offense. *Vaughn v. State*, 247 Ga. 136 (274 SE2d 479) (1981); *McKenzie v. State*, 208 Ga. App. 683, 684 (431 SE2d 715) (1993). See also OCGA § 17-4-20. Clark's reliance upon *Kelly v. State*, 129 Ga. App. 131 (198 SE2d 910) (1973), is misplaced. The officers in *Kelly*, unlike the case at bar, did not observe the accused therein commit any offense in their presence, and there was not a scintilla of evidence that any unlawful criminal activity had been committed prior to the warrantless arrest of the accused. We reject Clark's assertion that the officers were without authority to search his person following his arrest because "[o]nce a defendant has been placed under custodial arrest, police may search his person, incident to that arrest, for weapons or contraband." (Citations and punctuation omitted.) *Causey v. State*, 208 Ga. App. 389, 390 (430 SE2d 594) (1993).

Next, Clark maintains that the officers illegally searched his room prior to obtaining a search warrant. However, the testimony produced at the motion to suppress hearing shows that two officers stood outside of the room before the warrant was obtained in order to secure the room and prevent anyone from entering the room and removing evidence. The officers did not search the room until after a properly executed warrant had been issued and delivered to them.

Lastly, Clark challenges the sufficiency of the affidavit used to support the search warrant. He asserts that the affidavit does not establish the factual basis for the informant's reliability and the affidavit did not state that the informant knew that contraband was located in the motel room or that anyone had seen contraband inside of the room.

In determining the sufficiency of an affidavit to support the issuance of a search warrant, the Supreme Court in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983) adopted the totality of the circumstances test. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a 'substantial basis for concluding' that probable cause existed. [Cits.]" (Punctuation omitted.) *State v. Law*, 208 Ga. App. 744, 745 (432 SE2d 110) (1993).

While Clark asserts that the affidavit did not state a factual basis from which the magistrate could determine the reliability of the confidential informant other than the attesting officer's conclusory statement as to the informant's reliability, "the informant in this case demonstrated h[er] reliability by meeting with the [investigator] . . .

and putting [her]self on the line by participating in the controlled purchase." *McKenzie*, supra at 684. We further reject Clark's assertion that the affidavit did not state a basis for the belief that contraband was in the motel room. The attesting officer stated in the affidavit that a controlled purchase of cocaine was made after the informant met with Clark at the motel, and "[t]his statement alone provided a substantial basis for the conclusion that drugs and marked bills would probably be found in the [room]. [Cit.]" Id. at 685. Therefore, the trial court did not err in denying Clark's motion to suppress, and Clark's numerous contentions are without merit.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 8, 1994 —
RECONSIDERATION DENIED MARCH 17, 1994 — ▮▮▮▮▮

*Peevy & Lancaster, Donn M. Peevy*, for appellant.
*Daniel J. Porter, District Attorney, R. Keith Miles, Assistant District Attorney*, for appellee.