## A00A1871. FORTSON v. THE STATE.
(544 SE2d 719)

SMITH, Presiding Judge.

Randall Fortson was indicted on charges of trafficking in cocaine, selling cocaine, and possessing cocaine with intent to distribute, and a jury found him guilty as charged. His amended motion for new trial was denied, and he appeals, challenging the trial court's denial of his motion to suppress and his challenge to the composition of the jury under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). Finding no error, we affirm.

1. The evidence presented at the hearing on the motion to suppress and at trial showed that after receiving information from the

Elbert County Sheriff's Department that a certain pager number might be that of a drug dealer, agents of the Piedmont-Northern Multi-Agency Narcotics Squad ("MANS") initiated a drug "buy/bust." An agent called the pager number and arranged a drug buy using a confidential informant. The buy took place, and two individuals, Eddie Hall and Henri Ridgeway, were arrested. Ridgeway informed the arresting officers that Fortson had given him the cocaine to sell and that Fortson had been observing the transaction from a nearby alleyway, waiting to pick up Ridgeway after the sale was completed. The agents then decided to go to Fortson's residence, detain and question him, and arrest him for selling cocaine.

When the officers arrived at Fortson's home it was dark outside, and they found Fortson outside his home, running and carrying a flashlight and a police scanner. The officers identified themselves, then pursued and apprehended Fortson. Fortson was searched incident to the arrest, and a roll of money and a quantity of cocaine were found in his pockets. The officers then sought and obtained a search warrant for Fortson's residence.

The premises were secured, and the search warrant was executed the next morning. In a search of the woods behind the residence, the officers uncovered under a log a bag containing a set of scales and a plastic bag of cocaine.

Fortson contends the trial court erred in denying his motion to suppress because the evidence seized from his person and at his home was the result of an illegal arrest since neither probable cause nor exigent circumstances existed to justify a warrantless arrest.

Both federal law and state law are involved in determining the validity of a warrantless arrest. Under federal law, the test is whether the arrest meets the requirements of the U. S. Constitution. An arrest is constitutionally valid if, at the moment the arrest was made, the facts and circumstances within the arresting officers' knowledge based upon reasonably trustworthy information were sufficient to allow a prudent man to believe the suspect had committed, or was committing, a crime. *Callaway v. State*, 257 Ga. 12, 13-14 (2) (354 SE2d 118) (1987); *Puckett v. State*, 239 Ga. App. 582, 586 (2) (a) (521 SE2d 634) (1999). If an arrest fails to meet this standard, evidence obtained in connection with it is subject to the exclusionary rule.

Under state law, OCGA § 17-5-30 creates an exclusionary rule as well. OCGA § 17-4-20 (a) provides that a warrantless arrest is permissible in certain situations, such as when the offense is committed in the presence of the arresting officer or within his immediate knowledge; when the offender is trying to escape; or when a "failure of justice" is likely to occur if the officer delays the arrest until a warrant is issued. The Supreme Court of Georgia has held that if an

officer acquires probable cause to arrest an accused outside his home, a failure of justice is likely to occur as a matter of law if the officer delays the arrest until a warrant is obtained. *Durden v. State*, 250 Ga. 325, 327 (1) (297 SE2d 237) (1982). The state rule is therefore the functional equivalent of the federal rule.

In determining whether probable cause existed, the totality of the circumstances must be considered. *Norman v. State*, 214 Ga. App. 408, 409 (448 SE2d 219) (1994). And flight in connection with other circumstances may constitute sufficient probable cause. Id. Here, Fortson identified himself to the caller seeking to buy drugs, who in reality was a police officer, and Fortson was named by the person actually selling the drugs as the supplier. When the officers went to his home, he attempted to flee. He was carrying a police scanner, which is typically used to monitor police activity and avoid police detection. In addition, the hood of his car was hot, indicating the car had been driven recently. Under the totality of these circumstances, probable cause existed to arrest Fortson.

No dispute exists that the arrest of Fortson took place outside his home, at the edge of some woods. Contrary to Fortson's argument, therefore, the exigent circumstances requirement is not applicable here. See *Puckett*, supra at 586-587 (2) (b) (warrantless arrest with probable cause valid when defendant complied with officers' request to step outside his home). See also *Mincey v. State*, 251 Ga. 255, 261-262 (6) (a) (304 SE2d 882) (1983) (warrantless arrest with probable cause proper when defendant requested to exit his home and did so). The trial court did not err in denying Fortson's motion to suppress.

2. Fortson, who is African-American, also contends the trial court erred in denying his *Batson* challenge to the prosecutor's use of peremptory strikes.[1] We do not agree.

Relying upon *Barnes v. State*, 269 Ga. 345, 349 (6) (496 SE2d 674) (1998), Fortson argues that the trial court erred because after the State gave its explanations for the challenged strikes, the court ruled on the motion without allowing him to show that the facially neutral explanations given by the State for its strikes were, in fact, pretextual. We cannot agree with Fortson that any of the reasons given by the State were pretextual.

In his brief, Fortson supports his argument only with respect to juror no. 36. He claims that she was stricken because of her age and

---

[1] Under the portion of his brief captioned "Preservation of Issues," Fortson refers to an enumeration of error with regard to a jury instruction. This enumeration, however, does not appear in Part Two of the brief in which enumerations of error are listed and is not argued in Part Three of Fortson's brief. Instead, Fortson enumerates as error and argues the denial of his *Batson* challenge. We therefore address only that issue, in addition to the denial of his motion to suppress.

that another, white, juror in the same age bracket was not stricken, indicating that her strike was pretextual. But the prosecutor also stated that this juror knew Fortson and had attended school with him. In addition, and more importantly, she was the State's last strike, and the State struck her to get to another juror on the list, which is permissible. See *Alford v. State*, 224 Ga. App. 451, 458 (6) (480 SE2d 893) (1997).

The State also gave racially neutral reasons for the other four strikes used to eliminate African-American jurors. Juror no. 3 was stricken because he had problems with law enforcement, including five pending charges against him. The defendant had also dated a member of this juror's family. Juror no. 15 was stricken because she was the owner and operator of a "notorious" establishment associated with drinking and drug problems, and she attended church with Fortson's family. Juror no. 24's husband was being prosecuted for child molestation at the time of the trial, and she had posted bond for her husband. Juror no. 33 had been sentenced on a DUI by the prosecutor when he was a state court judge. Although the State exercised five of its six peremptory strikes to eliminate African-American jurors, its reasons were all clear and specific and were based upon factors other than race. A trial court's findings with regard to a *Batson* challenge are entitled to great deference, and we will accept them unless they are clearly erroneous. *Barnes*, supra at 349 (6). Applying this standard, the trial court did not err in denying the *Batson* challenge.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 11, 2001.

*James W. Smith*, for appellant.
*Robert W. Lavender, District Attorney*, for appellee.