## A07A1418. MURPHY v. THE STATE.
(649 SE2d 565)

BLACKBURN, Presiding Judge.

Trudy Murphy appeals her convictions on five counts of burglary and one count of trafficking methamphetamine, arguing that the trial court erred in denying her motion to suppress, and that therefore the evidence supporting her convictions should have been excluded as the fruit of an unlawful arrest. For the reasons set forth below, we affirm.

Construing the evidence in the light most favorable to the verdict, *Davis v. State*,[1] the record shows that at 5:30 a.m. on August 10, 2004, a sheriff's deputy was driving past a residence, which he knew to be vacant, when he observed a red Jeep leaving the property in the darkness with its lights off. As he neared the residence, he watched the vehicle drive two or three car lengths before turning on its lights. The deputy knew the family who owned the house and did not recognize the vehicle as belonging to them. He also knew that the home had been unoccupied for several years and had been the target of several recent burglaries. The deputy caught up to the vehicle to obtain the license plate number, and radioed the number to dispatch. He then returned to the residence to determine if it had been burglarized. Upon surveying the property, he observed signs of recent forced entry, including a newly cut screen and a broken window, and also discovered that the back door had been forcibly opened and secured with a rope from the outside.

Two other officers, who were also familiar with the vacant residence, and who had been keeping an eye on it because of the past burglaries, heard the deputy's radio report of the suspicious vehicle. Dispatch indicated that the tag was registered to Murphy, and thus the officers proceeded to Murphy's address. While en route, the two officers heard the investigating deputy's call reporting that the residence appeared to have been recently burglarized. The officers arrived at Murphy's address approximately ten minutes after the investigating deputy initially reported her vehicle's suspicious activity. Although they did not see the vehicle when they first arrived at her property, after proceeding on foot with a flashlight, one of the officers observed the Jeep, being driven by Murphy, pull out from behind an outbuilding with its lights off. The officers arrested Murphy and her passenger for suspicion of burglary, and a search incident to arrest produced a bag containing methamphetamine. Search warrants were issued for Murphy's residence as well as the outbuilding, and those searches revealed a large quantity of stolen items,

---

[1] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

processed methamphetamine and a methamphetamine lab. Subsequent to the arrest and searches, Murphy made inculpatory written and oral statements to investigators.

Murphy filed a motion to suppress the evidence and her statements as tainted by the allegedly unlawful arrest. The trial court denied the motion, finding sufficient probable cause for the arrest. Following a jury trial in which this evidence was introduced, Murphy was found guilty of five counts of burglary, and after a bench trial was found guilty of trafficking methamphetamine. This appeal followed.

In her sole enumeration of error, Murphy contends that she was arrested without probable cause, and therefore the trial court erred in denying her motion to suppress evidence and statements obtained as a result of that arrest. Specifically, Murphy argues that because the deputy was not certain that her vehicle had no legitimate purpose at the residence, was not certain of precisely when the damage to the residence took place, and was unable to identify the vehicle's passengers as it left the residence, there was no probable cause for arrest. We disagree.

A warrantless arrest is constitutionally valid if,

> at the moment the arrest was made, the officers had probable cause to make it — [if] at the moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense.

(Punctuation omitted.) *Manzione v. State.*[2] "The facts necessary to establish probable cause for arrest are much less than those required to prove guilt beyond a reasonable doubt at trial; the test merely requires a probability — less than a certainty but more than a mere suspicion or possibility." *Gregoire v. State.*[3] "When reviewing a trial court's decision on a motion to suppress, . . . [t]he evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility of witnesses are adopted unless they are clearly erroneous." *Bradford v. State.*[4] "This Court will not reverse the trial court's order on a motion to suppress unless it represents an abuse of discretion." *Hatcher v. State.*[5]

---

[2] *Manzione v. State*, 194 Ga. App. 227, 229 (390 SE2d 121) (1990).
[3] *Gregoire v. State*, 285 Ga. App. 111, 113 (1) (645 SE2d 611) (2007).
[4] *Bradford v. State*, 274 Ga. App. 659, 660 (2) (618 SE2d 709) (2005).
[5] *Hatcher v. State*, 219 Ga. App. 82, 84 (464 SE2d 236) (1995).

"In determining whether probable cause existed, the totality of the circumstances must be considered." *Fortson v. State.*[6] Here, the facts known to the officers were sufficient to support probable cause for arrest. In the early morning hours, the investigating deputy observed Murphy's vehicle leaving a vacant property in darkness with its lights off. Ten minutes later, the arresting officers observed Murphy's suspicious behavior of driving her vehicle from behind the outbuilding on her property in the darkness with her lights off. The officers also knew that the residence from which Murphy's Jeep was observed leaving had recently been burglarized. Under the totality of the circumstances, the officers had reasonably trustworthy information to warrant their belief that Murphy had committed or had participated in committing a burglary. Furthermore, the arresting officers were reasonable in acting upon the investigating deputy's observations at the residence, which he reported through radio dispatch, since a determination of probable cause need not rest on the knowledge of the arresting officer alone, but "can rest upon the collective knowledge of the police when there is some degree of communication between them." (Punctuation omitted.) *Maxwell v. State.*[7]

Contrary to Murphy's argument, probable cause does not require a certainty, but merely a probability. *Gregoire*, supra, 285 Ga. App. at 113 (1). In addition, probable cause may be supported by circumstantial evidence. *McKenzie v. State.*[8] Thus, the fact that the deputy was not certain whether the vehicle had a legitimate purpose at the residence or precisely when the recent burglary occurred did not render the arrest unlawful. Indeed, the deputy's own observations of recent forced entry, combined with the officers' knowledge of the residence, and the suspicious activity of the Jeep's leaving the location where a burglary appeared to have recently occurred, supported the officers' reasonable belief that the person(s) in the Jeep had committed or had attempted to commit a burglary. See *Davis v. State*[9] (probable cause for arrest existed where suspect was stopped around midnight, within minutes of reported burglary, a half mile from the scene, and was sweating heavily, carrying leather gloves on a summer night and a bag loaded with numerous items).

Finally, the fact that the deputy was unable to identify the driver or passenger of the Jeep and lost sight of the vehicle when he returned to investigate the residence did not make it unreasonable for the

---

[6] *Fortson v. State*, 247 Ga. App. 533, 535 (1) (544 SE2d 719) (2001).
[7] *Maxwell v. State*, 249 Ga. App. 747, 748 (549 SE2d 534) (2001).
[8] *McKenzie v. State*, 208 Ga. App. 683, 685 (1) (431 SE2d 715) (1993).
[9] *Davis v. State*, 203 Ga. App. 227, 228 (1) (416 SE2d 771) (1992).

arresting officers to believe that Murphy had been driving the vehicle at the time when the investigating deputy observed it at the burglarized residence. The arresting officers knew the Jeep was registered to Murphy and observed Murphy driving the vehicle only ten minutes after the deputy observed it at the recently burglarized residence. It was thus prudent for officers to believe that Murphy had likely committed or participated in committing the burglary. See *Hatcher*, supra, 219 Ga. App. at 84 (officers had probable cause to arrest defendant for burglary when they discovered him riding in a distinctive station wagon six days after the vehicle had been observed in the driveway of a burglarized home). Accordingly, the trial court did not abuse its discretion in denying Murphy's motion to suppress.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED JULY 9, 2007.

*Jana M. Whaley*, for appellant.
*Robert W. Lavender, District Attorney, Leon Jourolmon, Assistant District Attorney*, for appellee.