A08A0656. BELL v. THE STATE.
(661 SE2d 207)

ANDREWS, Presiding Judge.

Romia S. Bell appeals from the judgment of conviction entered
on jury verdicts finding him guilty of trafficking in cocaine and
misdemeanor obstruction of a law enforcement officer by fleeing to
avoid arrest. For the following reasons, we affirm the conviction for
trafficking in cocaine but reverse the conviction for obstruction.

1. The State presented evidence that police officers assigned to
the Glynn County-Brunswick Narcotics Enforcement Team worked
with a confidential informant to set up a controlled buy of cocaine in
the parking lot of a Burger King restaurant. Police observed the
informant make a telephone call to set up the buy; searched the
informant; provided the informant with money to make the buy; and
then followed the vehicle driven by the informant to the parking lot.
While conducting surveillance of the buy location from concealed
positions, officers saw a vehicle with two occupants drive into the
parking lot and park next to the vehicle occupied by the informant.
Officers then saw the informant and the front seat passenger in the
other vehicle (later identified as Bell) reach out from the adjacent
windows of their respective vehicles and conduct what appeared to
be an exchange of money for drugs. Based on all this information,
two uniformed police officers, who observed the vehicle occupied by
Bell during the interaction with the informant and as it drove away
from the parking lot, stopped the vehicle a short distance after it left
the parking lot. As the driver of the vehicle exited at the request of
one of the officers, the other officer saw Bell slide from the front
passenger seat to behind the steering wheel of the vehicle and
attempt to put the vehicle in gear and drive away from the scene of
the stop. At that point, the officer placed his body through the vehicle
window in between Bell and the steering wheel to prevent Bell from
driving away. Bell pushed the officer away, exited the vehicle, and
encountered the second officer as he tried to flee the scene. As he
fled, Bell resisted the efforts of both uniformed officers to place him
under arrest. When the officers brought Bell under control and
arrested him, they saw a plastic bag containing suspected cocaine fall
to the ground from inside the leg of Bell's pants. A search incident to
Bell's arrest revealed two more bags of suspected cocaine on Bell's
person. Bell thereafter gave a statement to police in which he
admitted that he met with the informant in the Burger King parking

lot and admitted that the cocaine found on his person belonged to him. A forensic chemist employed at the Georgia Bureau of Investigation's State Crime Lab testified that two of the three bags of suspected cocaine were tested at the Lab and that both tested positive for cocaine. The first bag contained a mixture weighing 27.76 grams with a purity of 73.9 percent cocaine, and the second bag contained a mixture weighing 1.51 grams with a purity of 77 percent cocaine.

The evidence was sufficient for the jury to find beyond a reasonable doubt: (1) that Bell was guilty of trafficking in cocaine in violation of OCGA § 16-13-31 (a) (1) by knowingly possessing a mixture weighing 28 or more grams with a purity of 10 percent or more of cocaine, and (2) that Bell was guilty of obstructing a law enforcement officer in violation of OCGA § 16-10-24 (a) when he knowingly and wilfully obstructed or hindered the officer in the discharge of the officer's official duties by fleeing to avoid arrest.[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Contrary to Bell's contention, the State produced evidence sufficient for the jury to find beyond a reasonable doubt that venue for the offense of trafficking in cocaine was properly laid in Glynn County, as charged in the indictment.

There was evidence that the Burger King parking lot where Bell met with the informant was located in Glynn County, but there was no evidence that, when the vehicle occupied by Bell was subsequently stopped and Bell was arrested with the cocaine in his possession, this occurred at a location in Glynn County. Although the stop and arrest was located just a short drive from the Burger King parking lot, no one testified that this location was in Glynn County. All the officers at issue testified that they were assigned to the Glynn County-Brunswick Narcotics Enforcement Team, so the evidence showed that they were employed to act only within the territorial jurisdictions of the City of Brunswick and Glynn County. But there was no evidence in the record that the City of Brunswick is located wholly within Glynn County, so the jury was not authorized to find that, in the proper performance of their duties, the officers made the stop and arrest within the territorial jurisdiction of Glynn County. Compare *Chapman v. State*, 275 Ga. 314, 317-318 (565 SE2d 442) (2002).

---

[1] As we hold in Division 2, infra, the State failed to prove venue beyond a reasonable doubt on the obstruction charge, so the conviction for obstruction must be reversed. Nevertheless, because the evidence as to every other element of the obstruction charge was sufficient, the Double Jeopardy Clause does not bar retrial on this charge. *Melton v. State*, 282 Ga. App. 685, 689 (639 SE2d 411) (2006).

Nevertheless, the State may establish the essential element of venue by means of direct and circumstantial evidence. *Chapman*, 275 Ga. at 317. There was evidence that Bell possessed the cocaine when he was stopped and arrested; that the officers who made the stop and arrest observed Bell in the vehicle from the time the vehicle entered the Burger King parking lot in Glynn County until they made the stop; and that Bell admitted he was in possession of the cocaine found on his person at the stop. While this was not direct proof that Bell also possessed the cocaine while he was in the parking lot in Glynn County just prior to the stop and arrest, it was sufficient as circumstantial proof to eliminate every reasonable hypothesis save that Bell possessed the cocaine in the parking lot, and was thus sufficient to prove beyond a reasonable doubt that Bell trafficked in cocaine in Glynn County, as charged. OCGA § 24-4-6; *Chapman*, 275 Ga. at 317-318.

Because all the evidence showed that the obstruction offense occurred at the location of the stop and arrest, and there was no evidence that this location was in Glynn County, as charged, it follows that the State failed to prove beyond a reasonable doubt that venue for this offense was properly laid in Glynn County. Accordingly, the conviction for misdemeanor obstruction of a law enforcement officer must be reversed. *Jones v. State*, 272 Ga. 900, 904 (537 SE2d 80) (2000).

3. There is no merit to Bell's contention that the trial court should have granted his motion to suppress evidence obtained at the vehicle stop because the officers lacked probable cause to make the stop and arrest.

At the hearing on the motion to suppress, the trial court properly considered the totality of the circumstances, including hearsay evidence not admissible at trial, to determine whether the officers had probable cause to believe that Bell had committed or was committing an offense. *Dotson v. State*, 276 Ga. App. 418, 420 (623 SE2d 252) (2005); *White v. State*, 208 Ga. App. 885, 888-889 (432 SE2d 562) (1993).[2] The State produced evidence that a reliable confidential informant, who had on two previous occasions provided police with trustworthy information leading to arrests, told police that Bell was riding around in a two-door maroon vehicle carrying a substantial amount of drugs on his person; that the informant had previously purchased drugs from Bell; and that the informant could set up a drug buy from Bell. Police officers observed the informant

---

[2] Moreover, in reviewing the denial of a motion to suppress, this Court considers all the evidence, including evidence introduced at trial and at the hearing on the motion to suppress. *Wesson v. State*, 279 Ga. App. 428, 431 (631 SE2d 451) (2006).

make a phone call to set up the drug buy from Bell at the parking lot of a local Burger King restaurant. Police then gave the informant money to make the buy and followed as the informant drove a vehicle to the Burger King. Police set up surveillance at the Burger King and watched as a two-door maroon vehicle occupied by two people parked next to the informant's vehicle, and an apparent drug transaction occurred between the informant and the person occupying the front passenger seat in the maroon vehicle. When the maroon vehicle drove off after the transaction, the informant called one of the officers who watched the transaction and told the officer that he saw that Bell had a large amount of drugs on his person at that time. The officer who received the call from the informant then called another officer on the police surveillance team and told him to stop Bell's vehicle.

Under these circumstances, the police had probable cause to stop the vehicle occupied by Bell and make a warrantless arrest of Bell.

> The legality of a warrantless arrest depends upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at the moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that a suspect had committed or was committing an offense.

(Citation and punctuation omitted.) *McDaniel v. State*, 263 Ga. App. 625, 627 (588 SE2d 812) (2003). Here, the stop and warrantless arrest were lawful because information supplied to the officers by a reliable informant — information that was immediately corroborated by the officers' observations — provided probable cause to believe that Bell was engaged in the sale of and possessed illegal drugs. Id. at 628. Contrary to Bell's contention, the arresting officers did not lack probable cause because they acted in part on a call from another officer who had information from the informant not conveyed to the arresting officers. Probable cause may be established based on the collective knowledge of the communicating officers. *Murphy v. State*, 286 Ga. App. 447, 449 (649 SE2d 565) (2007). The trial court did not err by denying the motion to suppress. Id. at 448-449.

4. Bell contends that he was entitled to reversal of his conviction and a new trial because his trial counsel was ineffective when he failed to object to hearsay testimony introduced by the State during the trial.

We agree with Bell that his trial counsel performed deficiently when he failed to object to hearsay testimony from a police officer

that the confidential informant (who did not testify at trial) told the officer at the time of the controlled buy that Bell had a large amount of illegal drugs on his person. *Weems v. State*, 269 Ga. 577, 578-579 (501 SE2d 806) (1998); *Brown v. State*, 274 Ga. 31, 36-37 (549 SE2d 107) (2001). To obtain reversal of a conviction based on a claim of ineffective assistance of trial counsel, a defendant must not only prove that counsel's performance was deficient, but must also prove that, but for the deficiency, there was a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Based on the evidence properly admitted at trial, as set forth in Division 1, supra, including Bell's statement to police admitting possession of the cocaine, we find that erroneous admission of the hearsay was harmless because it is highly probable it did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59, 60-61 (230 SE2d 869) (1976). Accordingly, the trial court correctly ruled that Bell was not entitled to reversal and a new trial for ineffective assistance of counsel because he failed to prove that, but for counsel's deficient performance, the results of the trial would have been different.

*Judgment affirmed in part and reversed in part. Ruffin and Bernes, JJ., concur.*

DECIDED APRIL 4, 2008 —
RECONSIDERATION DENIED APRIL 15, 2008 ▉▉▉▉▉▉▉▉

*Randall M. Clark*, for appellant.
*Stephen D. Kelley, District Attorney, Robert German, Jr., Assistant District Attorney*, for appellee.