## A97A0213. YOUHOING v. THE STATE.
### (487 SE2d 86)

POPE, Presiding Judge.

Defendant Shenniele Sandra Youhoing was charged by accusation with misdemeanor obstruction (OCGA § 16-10-24 (a)), parking in a fire lane (OCGA § 40-6-203), and operating a motor vehicle in this state without obtaining a Georgia driver's license within 30 days of becoming a state resident (OCGA § 40-5-20 (a)). Following a jury trial, defendant was convicted on the parking and misdemeanor obstruction offenses. On appeal, defendant contends that the trial court erred in failing to grant a directed verdict in her favor regarding the obstruction charge and in failing to adequately instruct the jury regarding certain elements of that offense. Finding no merit to either contention, we affirm.

Viewed in a light most favorable to the verdict, *Sims v. State*, 266 Ga. 764, 765 (1) (470 SE2d 886) (1996), the evidence shows that Officers Fuller and McKenzie were on patrol in a shopping center when they noticed defendant's car parked in the fire lane in front of a fast-food restaurant. After the officers spoke with defendant's husband, defendant exited the restaurant and approached Fuller. Defendant admitted to Fuller that she had parked the car in the fire lane, and Fuller asked to see defendant's driver's license. In response to Fuller's request, defendant produced a New Jersey license. Fuller testified that at that time defendant told him that she had been living in Georgia for six weeks. She further supplied him with a local address.

Based on the above, Fuller wrote out citations for the parking and licensing violations. Before issuing the citations, however, Fuller attempted to explain them to defendant, as well as the fact that he was going to keep her license in lieu of bail pursuant to OCGA § 17-6-11 (a). Defendant became irate when Fuller told her he was going to keep her license. Waving her finger in Fuller's face and screaming,

defendant repeatedly told Fuller that he could not keep her license and that she would rather be taken to jail. When Fuller attempted to comply with defendant's request, however, defendant backed away saying "no — no." At that point, Fuller took defendant by the left arm and turned her around. As Fuller reached for his handcuffs, defendant fell to the ground and began screaming "police brutality." Once on the ground, defendant rolled around in a futile attempt to keep from being handcuffed. According to several witnesses, Fuller did nothing to cause defendant's fall, and defendant appeared to fake the fall.

Thereafter, Fuller and McKenzie attempted to place defendant in their patrol car, but when defendant screamed that she was hurt, they instead allowed her to sit on the ground and called for an ambulance. As McKenzie rode with defendant to the hospital in the ambulance, Fuller obtained a warrant for misdemeanor obstruction. After having numerous tests performed on her at the hospital, defendant was released into Fuller and McKenzie's custody and transferred to jail.

1. Under OCGA § 16-10-24 (a), "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties . . ." is guilty of misdemeanor obstruction. See *Duke v. State*, 205 Ga. App. 689 (423 SE2d 427) (1992). In her first enumeration of error, defendant argues that there was insufficient evidence that Fuller was lawfully discharging his official duties when he placed defendant under custodial arrest because her alleged parking and licensing offenses were not committed in Fuller's immediate presence and because Fuller had already issued citations to defendant for these offenses, thereby making a non-custodial arrest. As such, defendant contends the state failed to prove a key element of misdemeanor obstruction, and thus, that defendant was entitled to a directed verdict on that charge. We cannot agree.

Contrary to defendant's assertion, the evidence of record demonstrates that Fuller never actually gave or served any citations on defendant. Accordingly, there is no merit to defendant's claim that Fuller's actions in doing so precluded him from lawfully implementing a full custodial arrest.

Defendant's contention that her custodial arrest was unlawful because the parking and licensing offenses were not committed in Fuller's presence is also meritless. Under OCGA § 17-4-20 (a), a law enforcement officer may arrest a person for offenses "committed in [the officer's] presence or within the officer's immediate knowledge." An officer does not, however, actually have to see a suspect commit the act which constitutes a crime for the crime to be considered as having been committed within the officer's presence or general knowledge. See *Carranza v. State*, 266 Ga. 263 (1) (467 SE2d 315)

(1996); *King v. State*, 161 Ga. App. 382, 383 (1) (288 SE2d 644) (1982). In the instant case, through the use of his senses, and based on his conversation with defendant, examination of her license and the location of her car, Fuller easily gained the personal knowledge and probable cause necessary to initiate an arrest pursuant to OCGA § 17-4-20 (a). Id. And, due to the general exigencies existing in cases like this, which involve the transient motoring public, no warrant was required for the arrest to be lawful. Compare *Carranza*, 266 Ga. 263 (1). While it was within Fuller's discretion in this case to make a non-custodial arrest by issuing a citation to defendant, as he originally began to do, he was not required to do so, and, armed with personal knowledge and probable cause, his decision to instead implement a full custodial arrest was lawful and authorized. See *Baker v. State*, 202 Ga. App. 73 (1) (413 SE2d 251) (1991); *Brock v. State*, 196 Ga. App. 605, 606 (1) (396 SE2d 785) (1990). This is especially true in light of defendant's actions and statements demonstrating that upon request she would not surrender her license in lieu of bail in the event she was given any citations.

Clearly, there was also sufficient evidence for a jury to conclude that defendant intentionally hindered Fuller in the performance of his official duties by her actions when Fuller attempted to place her under custodial arrest. Therefore, based on all of the above, it follows that there was sufficient evidence of each of the elements necessary for the jury to convict defendant of misdemeanor obstruction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Consequently, defendant was not entitled to a directed verdict of acquittal on the obstruction charge.

2. In her second and third enumerations, defendant contends the trial court failed to adequately charge the jury regarding the elements that must be proven to support a conviction for misdemeanor obstruction. Upon thorough review of the trial court's charge, we find no merit to this contention. Moreover, defendant fails to point to any specific instruction she requested in writing that was not given, and it is undisputed that defendant did not object below to the charge on the grounds asserted on appeal or reserve the right to do so when the trial court asked defendant if she had any objection to the charge. Consequently, defendant has failed to preserve the issue for appeal. *Russell v. State*, 264 Ga. 121, 122 (3) (441 SE2d 750) (1994).

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 15, 1997 — ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Before Judge Carbo.

*David L. Miller*, for appellant.

Shenniele Youhoing, *pro se.*
*Keith C. Martin, Solicitor, Clara E. Bucci, Assistant Solicitor*, for appellee.