A99A0738, A99A0739. PINCHON v. THE STATE (two cases).
(516 SE2d 537)

McMurray, Presiding Judge.

In Case Nos. A99A0738 and A99A0739, Elizabeth Pinchon and Tameca Pinchon, respectively, appeal their convictions for misdemeanor obstruction of a law enforcement officer. OCGA § 16-10-24. Because these appeals arise from the same trial, we consolidate them. We affirm.

Viewed in the light most favorable to the verdicts, the record reveals that on May 22, 1997, a City of Atlanta police officer cited Elizabeth Pinchon for impeding the flow of traffic. After some debate, Elizabeth Pinchon refused to accept the citation. The officer told her to take the citation, that it was a courtesy, and that he could arrest her. She got out of her car, began arguing with the officer, and demanded his badge number. The officer told Elizabeth Pinchon to take the citation or he would place her under arrest. When she again refused, the officer took her arm, told her she was under arrest, and began to escort her to the patrol car. Elizabeth Pinchon tried to pull away from the officer. When Tameca Pinchon, Elizabeth Pinchon's sister and passenger, saw Elizabeth Pinchon struggling against the officer, she got out of the car and demanded to know what was happening. The officer told her that Elizabeth Pinchon was under arrest. Tameca Pinchon grabbed Elizabeth Pinchon's free arm and began to

pull her away from the officer in what the officer described as "a human tug of war." The officer called for backup assistance. When the officer finally got Elizabeth Pinchon in the patrol car, Tameca Pinchon ran around to the other side of the car and opened the door, apparently to let Elizabeth Pinchon out. When the officer followed, Tameca Pinchon got inside the patrol car and sat next to her sister. They were both arrested and charged with obstruction.

Both Tameca Pinchon and Elizabeth Pinchon, in four separate enumerations of error, argue the evidence adduced was insufficient to support their convictions for obstruction. We disagree. Under OCGA § 16-10-24 (a) "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties" is guilty of misdemeanor obstruction. *Youhoing v. State*, 226 Ga. App. 475, 476 (1) (487 SE2d 86). In this case, the officer was lawfully discharging his duties. He was authorized to arrest Elizabeth Pinchon without a warrant for traffic offenses committed in his presence. Id. at 476-477. Further, the fact that Elizabeth Pinchon was not convicted of impeding the flow of traffic is immaterial. The State does not have to prove the offense that caused the officer to act initially, only the elements of obstruction. *Kight v. State*, 181 Ga. App. 874, 875 (1) (354 SE2d 202). Finally, both Tameca Pinchon and Elizabeth Pinchon engaged in conduct that can hinder or obstruct a law enforcement officer from discharging his lawful duties. As we explained in *Duke v. State*, 205 Ga. App. 689 (423 SE2d 427), violence or forcible resistance is not required to prove that an officer was hindered or obstructed in a misdemeanor obstruction case. Argument, flight, stubborn obstinance, and lying are all examples of conduct that may satisfy the obstruction element. Id. at 690 (verbal exchanges, wilfully lying); *Leckie v. State*, 231 Ga. App. 760, 761 (500 SE2d 627) (stubborn obstinance); *Walker v. State*, 228 Ga. App. 509, 512 (4) (493 SE2d 193) (flight). Whether a defendant's conduct has the effect of hindering or obstructing the officer in making his arrest is for the trier of fact to decide. *Duke v. State*, supra. We find the evidence sufficient to permit a rational trier of fact to find both Elizabeth Pinchon and Tameca Pinchon guilty of misdemeanor obstruction beyond a reasonable doubt. See *Leckie v. State*, supra.

*Judgments affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED APRIL 14, 1999.

*Walbert & Mathis, Charles A. Mathis, Jr.,* for appellants.

*Joseph J. Drolet, Solicitor, Julie A. Kert, Assistant Solicitor*, for appellee.