## A00A2406. LEDFORD v. THE STATE.
(545 SE2d 396)

PHIPPS, Judge.

Following a bench trial, Joyce Ledford was found guilty of two counts of drug trafficking and two counts of possession with intent to distribute. She was sentenced to twenty years, to serve ten years in prison, and a fine of $200,000. Ledford contends that the trial court should have allowed her to file an out-of-time motion to suppress because she was not represented by counsel at arraignment and was unaware of any deadline for pre-trial motions. She argues that the State failed to show that she knowingly and voluntarily waived her right to counsel at arraignment and asserts that her failure to file a timely motion to suppress "directly resulted in her conviction and her unknowingly giving up her only defense" to the charges against her. Although the record contains a transcript of the hearing on Ledford's motion for extension of time to file a motion to suppress, her arraignment apparently was not reported. We reverse because there is no evidence that Ledford knowingly and voluntarily waived her right to counsel at arraignment, and therefore the trial court abused its discretion in denying her motion for extension of time to file a motion to suppress.

Ledford appeared pro se at arraignment and entered a plea of not guilty. The trial judge did not ask why she was proceeding without counsel and did not inform her of any time requirements for filing pre-trial motions. There is no evidence that Ledford was made aware of her right to counsel or of *any* of the dangers of proceeding without counsel.

Before trial, Ledford secured an attorney to represent her. Her lawyer filed a motion for an extension of time in which to file a motion to suppress, asserting that Ledford lacked counsel at arraignment despite her "best efforts to obtain legal representation" and that she was not capable of filing motions herself. Attached to the motion was a motion to suppress that argued that the drugs that led to Ledford's arrest were seized in an illegal search of her residence. This was Ledford's only defense.

After a hearing, the trial court denied Ledford's motion for an extension of time. The court noted that Uniform Superior Court Rule 31.1 requires that all pre-trial motions be filed at or before arraignment, unless the judge grants an extension in writing. The court acknowledged that Ledford was not told of this deadline at arraign-

ment, but refused to grant an extension because Ledford had "failed to exercise reasonable diligence in either seeking appointment of counsel or in retaining counsel between the time of her arrest and the time of her arraignment so that motions might be timely filed pursuant to Rule 31.1."

Defendants charged with felonies in state courts have "an unconditional and absolute constitutional right" to counsel.[1] The right attaches at the pleading stage of the criminal process[2] and clearly extends to arraignment.[3] Arraignment is a critical stage in a criminal prosecution in this state not only because the defendant must enter a plea,[4] but also because USCR 31.1 mandates that pre-trial motions be filed at or before arraignment. A defendant who lacks a lawyer at arraignment may not be aware of or capable of meeting USCR 31.1's deadline and, like Ledford, risks forfeiting the right to file important pre-trial motions.

USCR 30.2 requires the trial judge, before arraignment, to "inquire whether the accused is represented by counsel and, if not, inquire into the defendant's desires and financial circumstances." If the defendant wants an attorney but is indigent, USCR 30.2 states that the judge "shall authorize the immediate appointment of counsel."

After having been advised of the right to counsel, a defendant who is not indigent may waive the right to counsel by failing to secure representation in a timely manner.[5] We have held that when a nonindigent defendant who wants a lawyer appears *for trial* without one, "the trial judge has a duty to delay proceedings long enough to ascertain whether the defendant has acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney is attributable to reasons beyond the defendant's control."[6]

There is nothing in the record showing that Ledford was advised of her right to counsel and the dangers of proceeding without counsel at any time prior to arraignment. Therefore, the record does not support a finding that Ledford "failed to exercise reasonable diligence" in securing representation "between the time of her arrest and the time of her arraignment."

A defendant may waive the right to counsel "only by voluntary

---

[1] (Punctuation omitted.) *Hasty v. State*, 215 Ga. App. 155, 158 (2) (450 SE2d 278) (1994).

[2] *Callaway v. State*, 197 Ga. App. 606, 607 (398 SE2d 856) (1990).

[3] *Carswell v. State*, 244 Ga. App. 516, 521 (4) (534 SE2d 568) (2000).

[4] See *Parks v. McClung*, 271 Ga. 795, 798 (524 SE2d 718) (1999) (recognizing that right to counsel is important to defendant who must decide whether to plead guilty).

[5] *Burnett v. State*, 182 Ga. App. 539, 540 (1) (356 SE2d 231) (1987).

[6] (Punctuation omitted.) *Callaway*, supra at 607-608; see also *Martin v. State*, 240 Ga. App. 246, 250 (3) (523 SE2d 84) (1999).

and knowing action,"[7] and the trial judge "must indulge every presumption against waiver."[8] In determining whether a waiver of counsel is knowing and voluntary, the judge

> must investigate as long and as thoroughly as the circumstances of the case demand. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, and the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter.[9]

Because arraignment is a critical stage in a criminal prosecution, the judge must determine, at arraignment, whether an unrepresented defendant is making a knowing and voluntary waiver of the right to counsel and whether the proceedings should be delayed to allow the defendant to seek appointed or retained representation.

The State bears the burden of proving that a defendant's waiver of counsel is valid,[10] and we review the trial court's ruling on that issue for abuse of discretion.[11] In this case, the judge did not ask Ledford at arraignment why she was appearing pro se, whether she wanted a lawyer, or whether she could afford one. Moreover, Ledford testified that no one informed her that by entering a plea at arraignment she was waiving her right to file pre-trial motions. This was especially critical in her case because she unknowingly waived the right to file a motion to suppress allegedly illegally seized evidence and thereby lost her only defense to the charges against her.[12] Because Ledford was not made aware of her right to counsel and the dangers of proceeding pro se at arraignment, we cannot say that she knowingly and voluntarily waived her right to counsel at that critical stage.[13] The trial court abused its discretion by ruling otherwise. Accordingly, we reverse Ledford's conviction and remand the case for

---

[7] (Citation and punctuation omitted.) *Callaway*, supra.

[8] *Robertson v. State*, 162 Ga. App. 873, 875 (293 SE2d 477) (1982).

[9] (Citations and punctuation omitted.) *Kirkland v. State*, 202 Ga. App. 356, 357-358 (1) (414 SE2d 502) (1991).

[10] Id. at 358.

[11] *McQueen v. State*, 240 Ga. App. 15, 17 (522 SE2d 512) (1999).

[12] Compare *Bache v. State*, 208 Ga. App. 591, 592 (431 SE2d 412) (1993) (concluding that defendant suffered no harm from appearing pro se at arraignment because he "fail[ed] to explain what 'motions, demurrers, and pleas' would have enhanced his defense" and trial counsel filed no such documents).

[13] Compare *Burnett*, supra at 541 (holding that nonindigent defendant was not entitled to warning about dangers of proceeding pro se where he had invoked his right to counsel at trial and thus was aware of such dangers).

further proceedings consistent with this opinion.

*Judgment reversed and case remanded. Johnson, P. J., and Smith, P. J., concur.*

DECIDED FEBRUARY 7, 2001.

*Whitmer & Law, George H. Law III*, for appellant.

*Lydia J. Sartain, District Attorney, Jason J. Deal, Assistant District Attorney*, for appellee.