A08A2036. FRASIER v. THE STATE.
(672 SE2d 668)

MILLER, Chief Judge.

Following a jury trial, Steven Christian Frasier was convicted of battery (OCGA § 16-5-23.1) and obstruction of a law enforcement officer (OCGA § 16-10-24). He now appeals his convictions, asserting that (1) the trial court erred in denying his motion to introduce evidence as to the violent character of the victim; (2) the evidence was insufficient to sustain his convictions; and (3) the State failed to prove venue on the charge of obstruction. We affirm Frasier's conviction for battery but reverse his conviction for obstruction, finding that the State failed to prove venue for that crime.

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the

---

[5] *McDowell v. State*, 172 Ga. App. 643 (2) (324 SE2d 211) (1984).
[6] *Kates v. State*, 152 Ga. App. 29, 30 (2) (262 SE2d 221) (1979).

record shows that Frasier's convictions arose out of an incident occurring at the home of Cherish Shields in Rome. Early on the morning of September 2, 2007, Frasier was at Shields' house when Willie Joe Moran, Shields' ex-boyfriend, came to return a cell phone charger belonging to Shields. Moran entered the house through the front door and walked past Frasier, who was lying on the living room sofa. Moran proceeded to Shields' bedroom, where he found Shields and Kenyon Griffin. Moran threw the phone charger at Shields, and the two began arguing. As Moran approached Shields, Griffin grabbed him from behind and placed him in a choke hold, rendering Moran unconscious. When Moran regained consciousness, he was still in the bedroom, and was being beaten, kicked, and stomped by Shields and Griffin. Frasier then came into the room and joined Shields and Griffin in beating Moran with their fists and feet.

Moran sustained serious injuries and, after he filed a police report, arrest warrants were issued for Frasier and Griffin. Police arrested both men the following day outside of a shopping center in the "North Rome area." When the arresting officer initially attempted to handcuff Frasier, he "pulled away," acted as if he was going to run from police, and was uncooperative.

Frasier and Griffin were each subsequently indicted on charges of armed robbery, robbery, aggravated assault, and aggravated battery, and Frasier was also charged with obstruction of a police officer and underage possession and consumption of alcohol. The jury found Frasier guilty only of the lesser included offense of battery and of obstructing a police officer. This appeal followed.

1. At trial, Frasier raised the affirmative defense of justification, claiming that Moran was the aggressor and that Frasier's conduct represented a reasonable attempt to defend himself and/or Shields. To support this defense, Frasier sought to introduce evidence of Moran's prior acts of violence against third parties, including Moran's convictions for battery and simple battery. Frasier now asserts that the trial court's refusal to allow this evidence constitutes reversible error. We disagree.

"We note at the outset that whether to admit evidence is a matter that rests in the sound discretion of the trial court . . . [and] [s]uch discretion will not be reversed absent abuse. . . ." (Citations and punctuation omitted.) *Parrish v. State*, 237 Ga. App. 274, 281 (6) (514 SE2d 458) (1999).

Before being allowed to introduce evidence of a victim's prior violent acts, a defendant must make a "prima facie showing of justification." (Citation and punctuation omitted.) *Traylor v. State*, 280 Ga. 400, 402 (2) (627 SE2d 594) (2006). Such a showing requires the defendant to demonstrate (1) that the victim was the aggressor; (2) that the victim assaulted the defendant or a third party; and (3)

that the defendant was genuinely attempting to defend himself or a third party. See *Stobbart v. State*, 272 Ga. 608, 610 (2) (533 SE2d 379) (2000); OCGA §§ 16-3-21; 16-3-23. Here, the record shows that Frasier failed to make the requisite showing.

First, there was no evidence that Moran attacked Frasier. Additionally, Shields testified that Moran's initial act of aggression against her occurred in the bedroom and outside the presence of Frasier. Thus, Frasier could not have known whether Moran was the aggressor against Shields.

Second, Shields testified that she went to the living room to get Frasier because Griffin and Moran were fighting. At that time, therefore, Frasier could not have reasonably believed that he needed to defend himself or Shields from Moran; Moran was in a different room, down the hall. The defense of justification is not designed to allow a defendant to go "looking for a fight," even if the victim had previously behaved aggressively against the defendant or a third party. See *Walden v. State*, 267 Ga. 162, 163 (2) (a) (476 SE2d 259) (1996) (no prima facie showing of justification where defendant failed to show that he was defending himself when he fired the fatal shot); *Strong v. State*, 264 Ga. 837, 838 (2) (452 SE2d 97) (1995) (defense of justification not available where evidence showed that defendant shot victim following a fight between the two). Rather, that defense presupposes that the defendant's conduct is necessitated by the victim's aggression then being directed at the defendant or a third party. Id.

Finally, the evidence did not show that Frasier's conduct represented a sincere attempt to defend either himself or a third party. Moran testified that Frasier joined Shields and Griffin in beating him as Moran lay on the floor. Additionally, Shields testified that Frasier went to the bedroom and entered into the fight allegedly occurring between Griffin and Moran. Shields also admitted that Frasier joined Griffin and her in beating and kicking Moran while Moran was lying on the floor — i.e., after Moran had been subdued.

Given this evidence, the trial court did not abuse its discretion in finding that Frasier had failed to establish a prima facie case of justification and that Frasier therefore could not introduce evidence of Moran's prior violent acts. See *Traylor*, supra, 280 Ga. at 402 (2).

2. Frasier also claims that the evidence was insufficient to support his convictions.

> [Because] a jury found [Frasier] guilty, this Court looks only to see if there is a factual basis from which a rational trier of fact could conclude beyond a reasonable doubt that a guilty verdict was warranted. We do not judge the credibility of the witnesses. We do not revisit conflicts in the evidence.

And we will not simply substitute our opinion for that of the jury. So long as there is some competent evidence to support each element of the offenses as charged, the jury's verdict will be upheld.

(Punctuation and footnote omitted.) *Bacon v. State*, 249 Ga. App. 347, 348-349 (1) (548 SE2d 78) (2001).

(a) Frasier argues that the State failed to prove him guilty of battery because it failed to disprove his affirmative defense of justification. See, e.g., *Brown v. State*, 267 Ga. 350, 351 (1) (478 SE2d 129) (1996) (" 'An affirmative defense is a defense that admits the doing of the act charged but seeks to justify, excuse, or mitigate it. Once the issue of an affirmative defense is raised, the burden is on the state to disprove it beyond a reasonable doubt.' "). This claim of error is without merit.

"Whether the circumstances justify the defendant's response is a question for the jury." (Footnote omitted.) *Nolley v. State*, 240 Ga. App. 382, 383 (523 SE2d 579) (1999). The trial court below properly charged the jury as to Frasier's affirmative defense. The jury, however, rejected that defense, and its decision is supported by the evidence. Moran testified that, after Griffin rendered him unconscious, he awoke to find himself being assaulted by Griffin and Shields, and that Frasier subsequently joined in battering him. Moreover, Moran's testimony was corroborated by Shields, who admitted that Frasier and Griffin stomped and kicked Moran after Moran had been subdued. This testimony was sufficient to allow the jury to convict Frasier of battery. See OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."); *Culver v. State*, 290 Ga. App. 321, 322 (659 SE2d 390) (2008). "[I]n this case, the jury obviously chose to believe the victim's testimony, which it was authorized to do." (Footnote omitted.) *Chatham v. State*, 280 Ga. App. 695, 697 (634 SE2d 856) (2006).

(b) We also find that the evidence was sufficient to support Frasier's conviction for obstruction of an officer.

"An act directly tending to interfere with, interpose obstacles or impediments, hinder, impede, interrupt in any manner, or prevent or pervert the public administration of justice constitutes obstruction of the police in performing their lawful duty." (Punctuation and footnote omitted.) *Mathis v. State*, 250 Ga. App. 500, 501 (552 SE2d 97) (2001). See also OCGA § 16-10-24. "Whether a defendant's conduct has the effect of hindering or obstructing the officer in making his arrest is for the trier of fact to decide. [Cit.]" *Pinchon v. State*, 237 Ga. App. 675, 676 (516 SE2d 537) (1999).

Conduct constituting obstruction of law enforcement can include arguing with, refusing to cooperate with, lying to, or fleeing

from police when they attempt to investigate or prevent a crime or try to effectuate an arrest. *Pinchon*, supra, 237 Ga. App. at 676. See also *Golden v. State*, 276 Ga. App. 538, 541-542 (1) (623 SE2d 727) (2005).

At trial, the arresting officer testified that when he attempted to take Frasier into custody, Frasier acted as if he were going to flee and generally refused to cooperate with police, and that this conduct hindered the officer in making the arrest. This testimony was sufficient to allow the jury to convict Frasier of obstruction. See *Golden*, supra, 276 Ga. App. at 542 (1).

3. Finally, Frasier asserts that the State failed to prove that his arrest occurred in Floyd County and therefore failed to prove venue as to the charge of obstructing an officer. We agree.

> Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal.

(Punctuation and footnotes omitted.) *Jones v. State*, 272 Ga. 900, 901-902 (2) (537 SE2d 80) (2000).

The testimony at trial established that the arresting officer was employed by the City of Rome and that he arrested Frasier on North Broad Street, while on patrol in the "North Rome area." There was no evidence presented, however, to show that the City of Rome, the northern part of that city, or North Broad Street, is located in Floyd County. Accordingly, the State failed to establish that the crime of obstruction occurred in Floyd County. See *Jones*, supra, 272 Ga. at 904 (3) ("[A] street name, standing alone, is never sufficient to establish venue, because streets frequently run through more than one county.") (footnote omitted); *Bell v. State*, 291 Ga. App. 169, 170 (2) (661 SE2d 207) (2008) (where arrest was made by city police officers and State failed to show that city was located entirely within the county where trial was held, "the jury was not authorized to find that, in the proper performance of their duties, the officers made the stop and arrest within the territorial jurisdiction of [the county]").

> Because all the evidence showed that the obstruction offense occurred at the location of the stop and arrest, and

there was no evidence that this location was in [Floyd] County, as charged, it follows that the State failed to prove beyond a reasonable doubt that venue for this offense was properly laid in [Floyd] County. Accordingly, the conviction for . . . obstruction of a law enforcement officer must be reversed.

(Citation omitted.) Id. at 171 (2).

For the reasons set forth above, we affirm Frasier's conviction for battery but reverse his conviction for obstruction of an officer.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 20, 2009.

*Randall C. Schonder*, for appellant.

*Leigh E. Patterson, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.