### A09A1068. MOCK v. THE STATE.
(678 SE2d 545)

ELLINGTON, Judge.

A Bulloch County jury found Ricky Mock guilty beyond a reasonable doubt of several crimes relating to an attempted armed robbery of a Statesboro restaurant. He appeals from the denial of his motion for new trial, contending that the State failed to prove venue and that the trial court gave an erroneous jury instruction on aggravated assault. Because there was insufficient evidence to prove venue, we reverse Mock's convictions.

Viewed in the light most favorable to the jury's verdict,[1] the evidence showed that, on the evening of December 22, 2007, Mock entered a Pizza Hut restaurant in Statesboro, pointed a gun at the cashier, and told her to give him all of her money. The cashier pretended that she was unable to open the cash registers and safe. She turned around, looked at another restaurant employee, and mouthed the words, "help me." When the employee started walking toward the cashier, Mock walked out of the restaurant's emergency exit. Mock did not obtain any money during the episode. The cashier ran to the back of the restaurant and called 911. Statesboro police officers arrested Mock shortly thereafter as he was running away from the scene.

1. Mock contends that he is entitled to a new trial because the State failed to prove venue. We agree.

> Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. Venue is a jurisdictional fact, and is an

---

[15] *Brigman v. State*, 282 Ga. App. 481, 484 (1) (639 SE2d 359) (2006).
[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal.

(Punctuation and footnotes omitted.) *Jones v. State*, 272 Ga. 900, 901-902 (2) (537 SE2d 80) (2000) (rendering the "slight evidence exception" regarding proof of venue a nullity because it "can never be applied to situations where a criminal defendant pleads not guilty to the charges indicted against him or her and is placed on trial"). See Ga. Const. of 1983, Art. VI, Sec. II, Par. VI; OCGA § 17-2-2 (a).

In this case, while the State elicited testimony that the Pizza Hut restaurant was located in Statesboro, it failed to present any evidence that the restaurant was located in Bulloch County or that the city of Statesboro was located entirely within the boundaries of Bulloch County. As the Supreme Court of Georgia has previously held, "proving that a crime took place within a city without also proving that the city is entirely within a county does not establish venue." (Footnote omitted.) *Graham v. State*, 275 Ga. 290, 293 (2) (565 SE2d 467) (2002). For the same reason, the fact that Statesboro police officers responded to the scene of the crime and arrested Mock did not establish venue within Bulloch County. See *Frasier v. State*, 295 Ga. App. 596, 600 (3) (672 SE2d 668) (2009) (Although the evidence showed that "the arresting officer was employed by the City of Rome and that he arrested [the defendant] on North Broad Street, while on patrol in the 'North Rome area[,]' [t]here was no evidence presented . . . to show that the City of Rome, the northern part of that city, or North Broad Street, is located in Floyd County. Accordingly, the State failed to establish that the crime [at issue] occurred in Floyd County.") (citations omitted).

Consequently, the State failed to prove venue in this case,[2] and the trial court erred in denying Mock's motion for new trial on that basis. Mock's convictions are reversed. See *Jones v. State*, 272 Ga. at 904 (4) ("[A] failure to properly establish venue does not bar retrial, because evidence of venue does not go to the guilt or innocence of the accused, and hence it does not invoke double jeopardy concerns.") (footnote omitted).

2. Mock contends that the trial court gave an erroneous jury

---

[2] As this Court noted in *Starling v. State*, 242 Ga. App. 685 (530 SE2d 757) (2000), "[w]e are at a loss to explain this oversight[,] since proving venue is a simple exercise that requires only one question and should be one of the first questions asked in every case."

instruction on aggravated assault. In its order denying Mock's motion for new trial, the court found that the aggravated assault count merged as a matter of fact into the attempted armed robbery count. The court concluded that, as a result, its jury instruction on aggravated assault constituted harmless error. Because it is unlikely that this alleged mistake will recur upon retrial, this enumerated error is moot.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

## DECIDED MAY 14, 2009.

*Robert L. Persse*, for appellant.
*Richard A. Mallard, District Attorney, Daphne H. Jarriel, Assistant District Attorney*, for appellee.