A10A0315. ELLIS v. THE STATE.
(696 SE2d 101)

PHIPPS, Presiding Judge.

A jury found James Ellis III guilty of driving with an unlawful blood alcohol concentration. Ellis argues on appeal that the court erred in failing to grant a mistrial after the state injected evidence that authorized the jury to find that he previously had been convicted of DUI, which he contends impermissibly impugned his character. We find no error and affirm.

The evidence showed that around 11:00 p.m. on January 11, 2008, Ellis was driving his car and stopped at a police checkpoint. The officer at the checkpoint smelled alcohol on Ellis's breath, and Ellis stated that he had consumed "a couple of beers" before driving.

---

The officer, with Ellis's consent, conducted field sobriety tests and an alco-sensor test. Based on the results of those tests, the officer placed Ellis under arrest for driving under the influence. At the county jail less than an hour later, Ellis took an Intoxilyzer breath test that showed he had a blood alcohol concentration of 0.134.

Ellis was charged with driving with a blood alcohol concentration higher than 0.08[1] and driving while under the influence of alcohol to the extent it was less safe to drive.[2] At trial, he testified on direct examination that he did not believe, based on the amount of alcohol he had consumed, that his blood alcohol concentration could have been as high as the Intoxilyzer indicated. He also testified that, regardless of the Intoxilyzer result, he did not believe he was impaired. He explained:

> I drive trucks, what, ten hours a day, eleven hours a day, so like I know when I'm impaired. My tolerance — as a truck driver, your tolerance is a little higher. And you have — that's what you do for a living, professional driver, you drive. And I know the difference between when I'm intoxicated and I'm not.

On cross-examination, the following exchange occurred between the prosecutor and Ellis:

Q. [Y]ou say you know — you know when you're impaired?
A. Yes, sir.
. . .

Q. You always have known that?
A. Have I always known that?
Q. Um-hmm.
A. When I'm impaired? Yes, sir.
Q. Okay. Well, why'd you get that first DUI?
A. That first DUI, you're talking about twenty years ago.

At this point, Ellis's counsel objected, arguing that the state improperly had introduced Ellis's character into evidence. The court removed the jury from the courtroom, and Ellis's counsel then moved for a mistrial. After hearing argument from the parties, the court found that the state's question was not improper, overruled Ellis's objection, and denied the motion for mistrial. The court, however,

---

[1] OCGA § 40-6-391 (a) (5).
[2] OCGA § 40-6-391 (a) (1).

instructed the state not to proceed further into the matter, and when the jury returned the prosecutor began a different line of questioning. The jury subsequently found Ellis guilty of driving with an unlawful blood alcohol concentration but not guilty of less safe DUI.

Assuming, as Ellis maintains, that the prosecutor's question about a "first DUI" was improper, we find no abuse of discretion in the court's denial of Ellis's motion for mistrial.

> When prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial. Whether the statements are so prejudicial as to warrant a mistrial is within the trial court's discretion. A trial court's denial of a motion for mistrial based on the improper admission of bad character evidence is reviewed for abuse of discretion by examining factors and circumstances, including the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.[3]

The factors and circumstances of this case do not show that the court abused its discretion when it denied Ellis's motion for a mistrial. The alleged character statement did not address the credibility of the blood alcohol concentration evidence. In accord with the court's direction, the state did not make any further reference to an earlier DUI charge or attempt to introduce a prior conviction into evidence. The evidence authorizing the verdict showed that Ellis had a blood alcohol concentration of 0.134 within an hour of driving, which constituted a violation of OCGA § 40-6-391 (a) (5), whether or not Ellis's ability to drive was impaired.[4] The only rebuttal to the blood alcohol concentration evidence was Ellis's personal belief that he had not consumed enough alcohol to result in the blood alcohol concentration shown by the Intoxilyzer.[5] Under these circumstances, given the nature of the statement, the action taken by the court and

---

[3] *Agee v. State*, 279 Ga. 774, 777 (4) (621 SE2d 434) (2005) (citations and punctuation omitted).

[4] See *Rigdon v. State*, 270 Ga. App. 217 (1) (605 SE2d 903) (2004) (state need not prove impaired driving to obtain conviction for driving with unlawful blood alcohol concentration). See generally *Ellerbee v. State*, 215 Ga. App. 102, 104 (4) (449 SE2d 874) (1994) (state-administered intoximeter test result showing defendant driver had blood alcohol concentration above statutory limit was direct evidence that he drove with an unlawful blood alcohol concentration).

[5] Compare *Clay v. State*, 193 Ga. App. 377-378 (387 SE2d 644) (1989) (following trial during which defendant presented expert testimony challenging reliability of Intoxilyzer readings, jury found defendant not guilty of offense of driving with an unlawful blood alcohol concentration, notwithstanding contrary Intoxilyzer result).

counsel concerning the alleged impropriety, and the other evidence in the case that supported the charge on which Ellis was found guilty, we find no abuse of discretion.[6]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

DECIDED JUNE 1, 2010.

*C. Arthur Moss, Jr.*, for appellant.
*Griffin E. Howell III, Solicitor-General*, for appellee.