## A10A1823. HARRIS v. THE STATE.
(706 SE2d 702)

BARNES, Presiding Judge.

Riley P. Harris was found guilty by a jury of failure to stop at a stop sign (OCGA § 40-6-72), failure to maintain lane (OCGA § 40-6-48) and driving under the influence to the extent he was a less safe driver (OCGA § 40-6-391 (a) (1)). Harris filed a motion for a new trial, which he subsequently amended. The trial court denied Harris's amended motion and Harris appeals, challenging the sufficiency of the evidence supporting his conviction for DUI. For the reasons set forth below, we affirm the judgment.

On appellate review of a criminal conviction, Harris no longer enjoys a presumption of innocence, and we view the evidence in a light most favorable to the trial court's finding of guilt. *Gamble v. State*, 283 Ga. App. 326 (1) (641 SE2d 556) (2007). So viewed, the record shows that around 2:00 a.m. on August 4, 2007, the sergeant on duty observed Harris's vehicle fail to stop at a stop sign. The sergeant followed Harris's vehicle and after observing the vehicle change from the slow lane into the fast lane without signaling, stopped Harris's vehicle. When he asked for Harris's driver's license, he noticed an odor of alcohol and that Harris's eyes were bloodshot and watery. The sergeant had Harris blow into an alco-sensor, which showed positive for alcohol. The sergeant did not have Harris perform any field sobriety tests because he had a spinal cord injury. The sergeant tried to perform a horizontal gaze nystagmus test, but Harris was unable to follow the stimulus. After speaking to Harris briefly, the sergeant placed him under arrest.

Harris challenges the sufficiency of the evidence supporting his

conviction for DUI, arguing that "there was insufficient evidence to convict." According to Harris,

> the only evidence against Mr. Harris was that he allegedly only slowed down, but did not stop for a stop sign (not on video), that he briefly moved partially into the left hand lane while his right turn signal was on, there was an odor of alcoholic beverage and he admitted drinking two beers a few hours earlier.

This argument does not provide grounds for reversal. As a reviewing court, we do not re-weigh the evidence or determine credibility, but only determine whether there is sufficient evidence for a rational trier of fact to find the accused guilty of the charged offense beyond a reasonable doubt. *Gamble v. State*, supra, 283 Ga. App. at 326 (1).

In order to prove that Harris was driving under the influence to the extent he was a less safe driver under OCGA § 40-6-391 (a) (1), "the [S]tate must prove that the defendant had impaired driving ability as a result of drinking alcohol." (Citation omitted.) *Davis v. State*, 301 Ga. App. 484, 486 (1) (687 SE2d 854) (2009). Methods of proving this offense include evidence of erratic driving behavior, refusal to take field sobriety tests and a breath or blood test, and the officer's own observations (such as smelling alcohol and observing strange behavior) and resulting opinion that the alcohol made it less safe for the accused to drive. *Drogan v. State*, 272 Ga. App. 645, 647 (1) (b) (613 SE2d 195) (2005).

In this case, contrary to Harris's contentions, there was sufficient evidence to support his conviction. The sergeant who arrested Harris has almost 14 years of experience and training in DUI detection. The sergeant testified that he arrested Harris based on Harris's bloodshot and watery eyes, the odor of alcohol coming from him and the alco-sensor test showing the presence of alcohol.

Even though a conviction for driving under the influence to the extent he was a less safe driver "does not require proof that a person actually committed an unsafe act while driving," the commission of a traffic violation, such as failing to stop for a stop sign or failing to maintain a lane, "can constitute evidence that a driver is impaired." (Citation and punctuation omitted.) *Yglesia v. State*, 288 Ga. App. 217, 218 (653 SE2d 823) (2007). We conclude that the evidence adduced was sufficient to authorize the jury to find Harris guilty beyond a reasonable doubt of driving under the influence to the extent he was a less safe driver.

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED FEBRUARY 15, 2011.

*Lawrence W. Daniel*, for appellant.
*Brian K. Fortner*, Solicitor-General, *Matthew C. Krull*, Assistant Solicitor-General, for appellee.