**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 6, 2014**

# In the Court of Appeals of Georgia

A13A1899. TAYLOR v. THE STATE.

MILLER, Judge.

Following a jury trial, Jeffrey Taylor was found guilty and convicted of obstructing an officer (OCGA § 16-10-24 (a)) and DUI-less safe (OCGA § 40-6-391 (a) (1)). Taylor appeals from the denial of his motion for new trial,[1] contending that (1) the evidence was insufficient to support his convictions; (2) the trial court erred in not considering his untimely motion to suppress; and (3) the trial court erred in not granting a mistrial after the State improperly commented on the evidence. Discerning no error, we affirm.

---

[1] Taylor filed his motion for new trial following the trial court's grant of an out of time appeal.

Viewed in the light most favorable to the jury's verdict,[2] the evidence shows that on the evening of July 31, 2010, police officers set up a check point in Douglas County to check for DUI, driver's license and insurance. The checkpoint was located at the intersection of Rose Avenue and Highway 5 near the new Bright Star Extension, which had not yet opened. There were at least eight to ten officers in marked patrol cars with blue lights at the checkpoint; all of the officers were in uniform and had flashlights; and the officers stopped every vehicle that came up to the checkpoint.

At approximately 2:00 a.m., Taylor approached the checkpoint in a Ford F-250 truck. A Douglasville Police Department lieutenant, who first made contact with Taylor, noticed an odor of alcoholic beverage coming from the truck. The lieutenant also noticed that Taylor was extremely nervous, his eyes were glassy and his heart was beating rapidly.

After receiving Taylor's and his passenger's licenses, the lieutenant went around to the back of the truck to run a license and license plate checks. Meanwhile, a sergeant, whom the lieutenant had called over, spoke to Taylor and the passenger. The sergeant noticed that Taylor was breathing heavily, his hands were shaking

_____

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2

excessively, and he did not make eye contact with the sergeant. The sergeant advised Taylor to pull the truck over across the street to the Bright Star Extension to get the truck out of the flow of traffic. Instead of following the sergeant's instructions, Taylor turned the truck and started driving north on Highway 5. The sergeant then began yelling at Taylor to reiterate that Taylor was supposed to go across the street and stop the vehicle.

Taylor eventually pulled over, and the officers again approached the vehicle. The sergeant asked Taylor if he would blow into a portable Alco-Sensor. Taylor refused to take the test, stating that he was a vegetarian and he took a lot of herbs that might give a false reading. Taylor also refused to exit the truck when the sergeant told him to do so. Taylor then locked his door, rolled up the window and said he was going to call 911. When Taylor continued to refuse the officers verbal orders to get out of the truck, the lieutenant went around to the passenger's side and the passenger exited the truck. The lieutenant then reached in, turned the engine off, and took the keys out of the truck.

When Taylor continued to refuse the officers's verbal commands to get out of the truck, the officers pulled him out. Taylor struggled with the officers on the ground, refused to give them his hands so they could handcuff him and tried to get

3

up. The sergeant put his knee in Taylor's back and pressed him down to the ground. Taylor was then handcuffed and arrested for obstruction and DUI.

The lieutenant then stood Taylor up and carried him over to a transport van. The lieutenant tried to tell Taylor to calm down and explain to him why he was arrested, however, Taylor was uncooperative, refused to listen and yelled at the lieutenant. When the lieutenant got Taylor over to the van, he read Taylor the implied consent notice, and Taylor agreed to take a breath test. At that time, the lieutenant could still smell the odor of alcohol coming from Taylor's person. The sergeant also noticed an odor of alcohol coming from Taylor's person and believed that Taylor was heavily intoxicated. The officer based this belief upon his years of experience in dealing with intoxicated suspects as well as Taylor's behavior, including his nervousness, failure to follow directions and actions in fighting the officers.

Taylor was transported to the police department. After he arrived at the police department, Taylor refused to take the Intoxilyzer 5000 breath test.

1. Taylor contends that the evidence was insufficient to support his convictions. We disagree.

(a) DUI-Less Safe

4

OCGA § 40-6-391 (a) (1) provides that "[a] person shall not drive or be in actual physical control of any moving vehicle while: . . . [u]nder the influence of alcohol to the extent that it is less safe for the person to drive[.]"

> The crime of driving while under the influence to the extent that it is less safe to drive does not require proof that a person actually committed an unsafe act while driving; rather, it requires showing three elements: (1) driving, (2) under the influence of alcohol, (3) to the extent that it is less safe for the person to drive.

(Footnote omitted.) *Jaffray v. State*, 306 Ga. App. 469, 470-471 (1) (702 SE2d 742) (2010). Moreover, the State can prove this offense by presenting evidence that the defendant refused to take a breath test, as well as the officers's own observations regarding the defendant's behavior and the odor of alcohol on his person. See *Harris v. State*, 307 Ga. App. 847, 848 (706 SE2d 702) (2011); see also *Long v. State*, 271 Ga. App. 565, 567 (610 SE2d 74) (2004) (defendant's refusal to stake state-administered chemical test was admissible as circumstantial evidence of her intoxication). Contrary to Taylor's contention, the evidence as set forth above, including his refusal to take the State-administered breath test, the smell of alcohol on his person and his repeated refusals to follow the officers's commands all taken together was more than sufficient to support his conviction.

5

(b) Obstructing an Officer

Under OCGA § 16-10-24 (a), "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Conduct constituting obstruction of law enforcement can include arguing with or refusing to cooperate with police when they attempt to investigate a crime or make an arrest. See *Frasier v. State*, 295 Ga. App. 596, 599-600 (2) (b) (672 668) (2009).

Here, the evidence showed that: Taylor refused to exit the truck when told to do so; he locked his door, rolled up the window and said he was going to call 911; and, after the officers pulled him out of the truck, he struggled with the officers, refused to give them his hands so they could handcuff him and tried to get up. This evidence was sufficient for the jury to find him guilty of misdemeanor obstruction beyond a reasonable doubt. See *Golden v. State*, 276 Ga. App. 538, 542 (1) (623 SE2d 727) (2005) (defendant's refusal to exit her car, complaints that officers were harassing her and call to 911 were sufficient to support misdemeanor obstruction conviction); *Fraser*, supra, 295 Ga. App. at 600 (2) (b) (officer's testimony that defendant acted like he was going to flee and generally refused to cooperate with police were sufficient to support his obstruction conviction).

2. Taylor contends that the trial court erred in failing to consider his motion to suppress which he filed after the 10-day period for filing motions. We discern no error.

Pursuant to OCGA § 17-7-110 and USCR 31-1, Taylor was required to file his motion to suppress within 10 days after the date of his arraignment, unless that 10-day filing period was extended by the trial court. Moreover, "USCR 31.1 does not allow exceptions; its flexibility is provided by when and how an extension of time for filing may be granted." (Citation omitted.) *Davis v. State*, 272 Ga. 818, 819 (1) (537 SE2d 327) (2000). When a defendant files an untimely pre-trial motion, the trial court may dismiss the motion or entertain a request by the defendant to accept the late filing. See *State v. Gomez*, 266 Ga. App. 423, 425 (1) (597 SE2d 509) (2004); see also *State v. Mojica*, 316 Ga. App. 619, 622 (2) (a), n. 8 (730 SE2d 94) (2012) (OCGA § 17-7-110 does not require a written order granting an extension).

Here, the record shows that Taylor was arraigned on April 20, 2011. At his arraignment, Taylor specifically acknowledged that he understood that he had the right to have a lawyer represent him; if he could establish that he was indigent, he had the right to a court-appointed lawyer; and a lawyer from the Public Defender's office was in court that day. That same day, the trial court served Taylor with an order in

7

open court which informed him that "all motions such as a motion to suppress illegally seized evidence *must* be filed within 10 days of today. Failure to do so will result in the loss of the right to file those motions. The court strongly encourages you to *get an attorney immediately* to represent you." (Emphasis supplied.)

Taylor indicated at his arraignment that he wanted to hire private counsel and he did not apply for court-appointed counsel until May 4, 2011, more than ten days after his arraignment. Taylor did not file his motion to suppress until May 18, 2011,[3] well outside the 10-day filing period, and nothing in the record indicates that he sought leave of the trial court to file an untimely motion to suppress. Since Taylor did not file a timely motion to suppress or seek leave to file his motion after the 10-day filing period, the trial court did not err in refusing to consider the motion. See *Davis*, supra, 272 Ga. at 19; *Walker v. State*, 277 Ga. App. 485, 488 (3) (627 SE2d 54) (2006).

3. Taylor contends that the trial court erred in refusing to grant his motion for a mistrial after the State improperly commented on the evidence. We do not agree.

---

[3] Taylor's initial motion to suppress did not state any specific grounds. That same day, however, Taylor filed a motion to dismiss, raising several grounds, including the lack of probable cause for his detention. Taylor also filed an amended motion to suppress more than a year later on April 25, 2012, in which he raised the constitutionality of the checkpoint and contended that he was unlawfully detained.

When prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial. Whether the statements are so prejudicial as to warrant a mistrial is within the trial court's discretion. A trial court's denial of a motion for mistrial based on [an improper comment on the evidence] is reviewed for abuse of discretion by examining factors and circumstances, including the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.

(Footnote omitted.) *Ellis v. State*, 304 Ga. App. 270, 272 (696 SE2d 101) (2010); see also *Norwood v. State*, 252 Ga. 292, 294 (313 SE2d 98) (1984) (grant or denial of mistrial is within trial court's sound discretion and does not constitute grounds for reversal unless mistrial is mandated to ensure a fair trial).

Here, the record shows that at the end of the co-defendant's direct testimony the prosecutor stated: "Wow. That was quite a story." Taylor objected and moved for a mistrial. The trial court denied the motion, but instructed the prosecutor not to "supply an editorial." The prosecutor replied that he was going to follow up with a question, and, in accordance with the trial court's direction, then proceeded with his cross-examination.

The factors and circumstances of this case do not show that the trial court abused its discretion in denying Taylor's motion for a mistrial, because the prosecutor's comment addressed the co-defendant's testimony, not the other evidence supporting Taylor's convictions, and the trial court admonished the prosecutor regarding the allegedly improper comment. See *Ellis*, supra, 304 Ga. App. at 272-273 (trial court did not abuse its discretion in denying mistrial given circumstances, including action by trial court and counsel concerning alleged impropriety, as well as other evidence in the case). Accordingly, we affirm Taylor's convictions.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*