**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 12, 2014

# In the Court of Appeals of Georgia

A14A0028. PRESTON v. THE STATE.

RAY, Judge.

We granted Desmond Preston's application for interlocutory review of the trial court's order denying his out-of-time motion to file pre-trial motions. Preston contends that he should be allowed to file untimely pre-trial motions because he was not represented by counsel at arraignment and did not give a valid waiver of counsel. Because we find that the denial of his motion was not in error, we affirm.

Preston was charged with possession of marijuana, less than an ounce (OCGA § 16-13-30 (j) (1)), and driving under the influence (OCGA § 40-6-391 (a) (2)). On February 6, 2013, Preston appeared pro se for his arraignment before the trial court. He signed an "Appearance, Plea and Waiver" form, in which he pled not guilty and indicated that he wished to apply for the services of a public defender. Preston was

disqualified from receiving assistance of appointed counsel for financial reasons. Preston also signed a document titled "Arraignment Instructions," which further advised him of his rights and the importance of having an attorney. Preston told the trial court that he intended to hire an attorney, but did not have one at the arraignment. During Preston's arraignment, the trial court informed him that he had 10 days to file any motions in his case or else his right to file pre-trial motions would be waived, and that he "really need[ed] to get a lawyer hired in the next ten days" because "DUI[s] and drug cases are the kinds of cases that lawyers like to file motions in." The trial court further entered an order granting him 10 days after arraignment in which to file pre-trial motions.

Preston was arraigned on February 6, 2013, but his attorney did not make an entry of appearance until April 16, 2013, long after the 10-day period in which to file pre-trial motions had expired. Preston even appeared pro se at his first trial calendar on March 12, 2013, and the trial court continued his case to a later calendar so that he could procure counsel for trial. On April 16, 2013, Preston's counsel filed a notice of appearance, along with a motion to suppress, motion for discovery, motion for a jury trial (which Preston had previously waived at his arraignment), and a motion to allow out-of-time filing of motions. The trial court continued the case to May 7, 2013,

for a hearing on Preston's motion to allow motions and his motion for a jury trial. At the hearing, Preston provided no explanation as to why he was unable to hire counsel to file pre-trial motions within the 10-day window. The trial court granted the motion for trial by jury, but denied Preston's out-of-time motion to file pre-trial motions, citing its prior notice to Preston of the 10-day limit in which to file motions after arraignment. The trial court issued a certificate of immediate review, and this appeal ensued.

OCGA § 17-7-110 provides that "[a]ll pretrial motions, including demurrers and special pleas, shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the trial court." In the instant cast, Preston argues that the trial court erred in denying his motion to allow motions because he was arraigned without the benefit or counsel or a valid waiver of counsel. We disagree.

Citing to *Ledford v. State*, 247 Ga. App. 885 (545 SE2d 396) (2001), Preston argues that a defendant's right to counsel extends to arraignment proceedings and that he did not knowingly waive his right to counsel. In *Ledford*, this Court held that a defendant's right to counsel attaches

> at the pleading stage of the criminal process and clearly extends to arraignment. Arraignment is a critical stage in a criminal prosecution in

3

this state not only because the defendant must enter a plea, but also because USCR 31.1 mandates that pre-trial motions be filed at or before arraignment. A defendant who lacks a lawyer at arraignment may not be aware of or capable of meeting USCR 31.1's deadline, and . . . risks forfeiting the right to file important pre-trial motions.

(Footnotes omitted.) Id. at 886. In *Ledford*, this Court held that the trial court abused its discretion in ruling that a defendant waived her right to counsel when she appeared at arraignment pro se and the trial court did not ask defendant "why she was appearing pro se, whether she wanted a lawyer, or whether she could afford one." Id. at 887. Further, "no one informed [the defendant] that by entering a plea at arraignment she was waiving her right to file pre-trial motions [and] [t]his was especially critical in her case because she unknowingly waived the right to file a motion to suppress." (Footnotes omitted.) Id. at 887.

*Ledford* is distinguishable from the present case, however. After *Ledford*, USCR 31.1 was amended to provide that "[a]ll motions, demurrers, and special pleas shall be made and filed *at or before the time set by law* unless time therefor is extended by the judge in writing prior to trial." Further, our legislature passed OCGA § 17-7-110 in 2003, amending former USCR 31.1's deadline by granting defendants a period of 10 days after arraignment in which to file motions. These changes mean

4

that defendants no longer waive their right to file pre-trial motions by being arraigned prior to obtaining counsel. Thus, unlike the defendant in *Ledford,* Preston did not waive his right to file pre-trial motions simply by appearing for arraignment pro se. Further, unlike the defendant in *Ledford*, who was not asked at arraignment why she was appearing pro se, whether she wanted a lawyer, or whether she could afford one, Preston informed the trial court that he intended to hire counsel. He was also repeatedly told by the trial court of the importance of obtaining an attorney and of the 10-day deadline in which to file pre-trial motions or else his right to do so would be waived. Preston also signed documents which stated that he "fully understood the Judge's instructions and what my rights are." He also signed documents advising him of his rights and the importance of having an attorney.

Further, the trial court noted that Preston did not use reasonable diligence to obtain counsel prior to his arraignment. For a non-indigent defendant, such as Preston, "the constitutional right to counsel only entitles him to be defended by counsel of his own selection whenever he is able and willing to employ an attorney and uses *reasonable diligence* to obtain his services." (Citation and punctuation omitted; emphasis in original.) *Burnett v. State*, 182 Ga. App. 539, 540 (1) (356 SE2d 231) (1987). See also *Callaway v. State*, 197 Ga. App. 606, 607-608 (398 SE2d 856)

5

(1990). Here, the trial court implied at the hearing on Preston's out-of-time motion to file pre-trial motions that Preston had not exercised reasonable diligence in obtaining counsel prior to his arraignment because he had "approximately eight months after the time of his arrest [in which to hire an attorney to represent him at arraignment], which I think is more than a reasonable period of time for most folks to inquire into and . . . make arrangements for a lawyer, if they're predisposed to do that." Whether a defendant "has exercised reasonable diligence in procuring counsel is a factual question, and the grant or denial of a request for continuance on grounds of absence of retained counsel is a decision within the sound discretion of the trial judge, reversible only for an abuse of that discretion." (Citation and punctuation omitted.) *Hatcher v. State*, 320 Ga. App. 366, 372 (739 SE2d 805) (2013).

"When a defendant files an untimely pre-trial motion, the trial court may dismiss the motion or entertain a request by the defendant to accept the late filing." (Citations omitted.) *Taylor v. State*, __ Ga. App. __ (2) (755 SE2d 839) (2014). Since Preston did not file timely pre-trial motions, it was within the trial court's discretion to refuse to consider them. Id.

*Judgment affirmed. Andrews, P. J., and McFadden, J., concur.*